## THE STATE VS. MARTIN.

1. CRIMINAL PLEADING: *Indictment for Selling Liquor. Alcohol is not liquor.*
   An indictment for selling liquor without paying the special tax prescribed by *secs.* 5052 or 5054, *Gantt's Digest*, must charge that the defendant was a liquor dealer, and must state the particular tax, whether state or county, that had not been paid.

2. Alcohol is neither ardent or vinous spirits, or liquor of any kind; and its sale is not in any manner restricted or attempted to be regulated.

APPEAL from *Independence* Circuit Court.
Hon. R. H. POWELL, Circuit Judge.
*Henderson, Attorney General*, for the State.

HARRISON, J.   The appellee was indicted in the Independence circuit court for selling liquor by wholesale,

without having paid the special state and county taxes required of him as a liquor dealer.

The charge in the indictment was as follows: " The said Edward Martin, on the twentieth day of October, A. D. 1878, in the county and state aforesaid, did unlawfully sell to one Gilbert Malone one quart of *alcohol* without paying the *special tax* by law levied."

The defendant demurred to the indictment upon the ground that the facts charged did not constitute a public offense. The court sustained the demurrer, and dismissed the indictment.

It was not charged that the defendant was a liquor dealer, and such special taxes were required only of liquor dealers, by the statute in force when the indictment was found.

Alcohol is not either ardent or vinous spirits, or liquor of any kind, and its sale is not in any manner restricted or attempted to be regulated.

The indictment was defective, also, in not stating the particular special tax, whether the state or county, that had not been paid.

The demurrer was properly sustained.

Judgment affirmed.