C. J. Lincoln Company v. State.

Opinion delivered February 7, 1916.

Liquor—state-wide prohibition law—sale of pure alcohol.—Act No. 30, p. 98, Acts 1915, known as the State-Wide Prohibition Act, made it unlawful "to manufacture, sell or give away * * * any alcoholic, vinous, malt, spirituous or fermented liquors * * * within the State * * *." *Held,* the act did not repeal existing laws prohibiting the unrestricted sale of alcohol, and did not exclude the sale of that article from the prohibitive terms of the statutes.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

*The Liquor Acts;* Gantt's Dig., § 5052, Act 1878; Acts 1879, p. 33; Acts 1883, p. 192; Acts 1907, p. 1237; Acts 1911, p. 64; Kirby's Dig., § 5093; Acts 1913, p. 180, (Going Act); Acts 1915, p. 98 (State-wide prohibition). *Alcohol is not a liquor.* 34 Ark. 340. It is not within the purview of the laws. 39 *Id.* 216; 43 *Id.* 152; 9 Enc. Dig. Ark. Rep., p. 438, par. 68. The word "alcoholic liquors" is substituted for "alcohol." 56 Ark. 444; 77 *Id.* 443. Alcohol is an article of commerce and indispensable in the manufacture of medicines and in the arts and sciences. In its raw state it can not be used as a beverage. The demurrer should have been sustained.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, *M. E. Dunaway,* Prosecuting Attorney, for appellee; *W. R. James,* of counsel.

1. Alcohol is included in the prohibition against the sale of "any alcoholic * * * etc. liquors." 23 Cyc. 63; 98 N. C. 723; 76 Iowa, 245; 26 W. Va. 422; 149 Mass. 316; 104 Ga. 727; 159 Ala. 71; 24 S. W. 902; 75 *Id.* 536; 26 W. Va. 422; 25 Kans. 751; 21 N. E. 369; 1 Words & Phr. 295, etc.

2. Courts take judicial knowledge that alcohol is intoxicating. 2 Wharton, Cr. Law 1989; 23 Cyc. 63; 159 Ala. 71; Tex. Civ. App. 508; Joyce on Intox. Liq., § 9; 135 Ga. 662; 81 *Id.* 753; 7 S. E. 631; 12 Am. St. 350; 159 Ala. 71; Woolen & Thornton, Intox. Liquors, § 9; Kirby's Dig., § 7792; 36 Ark. 38. Individual hardships or inconveniences cut no figure, where the end is the preservation of society from evil, disease, poverty and crime. 36 Ark. 38. The case of 34 Ark. 340 is not binding on this court; it is *dictum* and *not* the law. Cases *supra;* 75 S. W. 536; 1 Woolen & Thornton, Int. Liq., p. 5; 48 L. R. A. (N. S.) 302.

3. The law does not favor repeals by implication. 10 Ark. 95-103. There must be repugnancy or express re-

peal. 23 Ark. 304; 28 *Id.* 317; 34 *Id.* 499; 45 *Id.* 90. An endeavor is always made to so construe two apparently inconsistent statutes so as to give effect to both. 50 Ark. 132; 76 *Id.* 443; 92 *Id.* 600 *Ib.* 266; 109 *Id.* 24; 72 *Id.* 125; 112 *Id.* 353. The object was to prevent the sale of alcohol *and* alcoholic liquors.

McCulloch, C. J. This is an action instituted by the prosecuting attorney of the Sixth Judicial Circuit in the Pulaski Chancery Court, pursuant to the Act of February 6, 1915, (Act No. 109, Acts 1915), to enjoin the appellant from selling alcohol and from using it in the manufacture of medicines, tinctures and varnishes for sale. Appellant admitted the truth of the allegations and the court decided that it is not unlawful to use alcohol in the manufacture of medicines, tinctures or varnishes, or to sell medicines, etc., when so manufactured, but that it does constitute a violation of the law to sell raw alcohol for any purpose. A decree was entered in accordance with that conclusion of the chancellor. The State has not appealed, and the question for decision on the present appeal is whether or not it is unlawful to sell alcohol.

The first act on the subject levied a tax on the business of selling, "either at wholesale or retail, any ardent or vinous liquors, it being an occupation of no real use to society (except the same is sold exclusively for medicinal purposes). Act of April 28, 1878 (Gantt's Digest, section 5052). This court, in the case of *State* v. *Martin,* 34 Ark. 340, affirmed a judgment of the circuit court sustaining a demurrer to an indictment which charged the defendant with selling "one quart of alcohol without paying the special tax by law levied." In the opinion it was said that "alcohol is not either ardent or vinous spirits, or liquor of any kind, and its sale is not in any manner restricted or attempted to be regulated."

The next statute on the subject declared it to be unlawful "for any person to sell any ardent, vinous, malt or fermented liquors in this State, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors, in any quantity or for any purpose whatsoever, without first procuring a license," etc., except that

manufacturers of such liquors could sell in original packages of not less than five gallons.   Act of March 8, 1879, page 33.

The Act of March 21, 1881, (Acts 1881, page 140), commonly known as "The Three Mile Law," made it unlawful to "vend or give away any spirituous or intoxicating liquors of any kind, or any compound or preparation thereof, commonly called tonics or bitters," within the radius of three miles of any church or school house, when so prohibited by an order of the county court.   In *State* v. *Witt*, 39 Ark. 216, a count in the indictment charging the accused with having sold "one pint of alcohol" was quashed, and this court affirmed the decision.

The Legislature then passed the Act of March 26, 1883, (Acts of 1883, page 192), amending the Act of March 8, 1879, by inserting the word "alcohol" after the word "sell," and also by inserting the words "or intoxicating spirits of any character which are used and drunk as a beverage."   That statute was passed to change the law so as to cure the omission pointed out in the cases just cited.   *Chamberlain* v. *State*, 50 Ark. 132.   The Act of March 16, 1911, (Acts of 1911, page 64), amended the Act of March 8, 1879, by striking out the exceptions which permitted the sale of liquor in original packages. The law stood in that condition until the General Assembly of 1913 passed what is commonly known as the "Going Law," (Acts of 1913, page 180) which provides that the license for the sale of liquor can be obtained from the county court only upon presenting a petition signed by a majority of the adult white inhabitants of the municipality where the business is to be conducted.   The first section of that act reads as follows:   "Section 1.   It shall be unlawful for any court, town or city council, or any officer thereof, to issue a license or permit, or any other authority to any corporation, person or persons, to sell, barter, or give away, any alcoholic, malt, vinous, or spirituous liquors, or any compound or preparation thereof, commonly called tonics, bitters, or medicated liquors, within the State of Arkansas, except as provided in this act."

The last statute on the subject is the "State Wide Prohibition Law" of February 6, 1915, (Act No. 30, Acts of 1915, page 98), the first section of which makes it unlawful for any county judge, or the council of any municipal corporation, to issue license to anyone, "to manufacture, sell, barter, or give away any alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors," and the second section of which makes it unlawful for any person or corporation "to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away" of any, of the before enumerated liquors.

Now, the contention of appellant is, relying on the decisions in *State* v. *Martin, supra,* and *State* v. *Witt, supra,* that the "Going Law," of 1913, and the "State Wide Prohibition Law," of 1915, having omitted the noun "alcohol" and substituted the adjective "alcoholic" before the word "liquors" have changed the law so as to restore it to the state in which it was expounded by the decisions of the court in those cases. The contention is unsound, we think, for more than one reason. In the first place, the recent statutes are expressly declared to be cumulative to existing laws on the subject, and the lawmakers have not manifested any intention, in using the words "alcoholic liquors" instead of "alcohol," of changing the law with respect to the character of liquors, the sale or giving away of which is forbidden. Moreover, the words "alcoholic liquors" do not fall within the restrictive definition laid down in the cases above cited. Those words necessarily include raw alcohol, for if a compound or dilution thereof constitutes alcoholic liquors, the raw alcohol, which is the basis of a compound, is included in the meaning of that term.

It is scarcely necessary to further discuss the decisions just referred to. They are generally disapproved by the decisions in other states. But even if the court was correct then in saying that it did not judicially know that alcohol was intoxicating, or that it was in common use for the purposes of dissipation or even that it was ca-

pable of being applied to such a use, it may be that we can,
in the light of further developments in the restrictions
of the sale of intoxicants and the evasive substitutes which
have come into use, take judicial cognizance of the fact,
known to all, that alcohol is an intoxicant and is frequently used by certain classes "for purposes of dissipation." See cases cited on the brief of counsel for the
State. This court has decided that the court should take
cognizance of the fact that beer is intoxicating. Then why
not alcohol, too? *Williams* v. *State*, 72 Ark. 19.

The language quoted from the *Martin case, supra,*
was *dictum* because the reason for affirming the judgment
had already been stated to be that "it was not charged
that the defendant was a liquor dealer, and such special
taxes were required only of liquor dealers by the statute
in force when the indictment was found." In the statutes in force when that case was decided, as well as when
the *Witt case, supra,* was decided, neither the word "alcohol" nor the words "alcoholic liquors" was used, so whatever else may be said about those cases it follows that
neither of them is authority for upholding the contention
of appellant in the present case.

At any rate, we are convinced beyond doubt, from
the language of the last statutes on the subject, that the
Legislature did not intend to repeal existing laws prohibiting the unrestricted sale of alcohol, and did not intend to
exclude the sale of that article from the prohibitive terms
of the new statutes.

The decree is therefore affirmed.

HART, J., (concurring). I fully concur in the decision
of the court holding that under the prohibition act of 1915
the sale of raw alcohol by appellant was unlawful; that
the sale of alcohol absolute, or raw alcohol, may be
classed as either alcoholic or spirituous liquors within
the meaning of the statute. I think it is unlawful to sell
it or any compound or preparation thereof commonly
called tonics, bitters, or medicated liquors which could
be used as a beverage.

I can not, however, agree with my brother judges in
holding that the issues raised by the appeal in this case

should be confined to the narrow limits placed upon them by the opinion of the court. The complaint filed by the prosecuting attorney alleges that the appellant is doing a wholesale drug business in the city of Little Rock and as such is engaged in the wholesale manufacture of medicines such as laudanum, paregoric, etc., and of tinctures and varnishes; that the appellant uses alcohol in the manufacture of said medicines, tinctures and varnishes and sells the compounds to retail druggists; that appellant keeps alcohol for the purpose of manufacturing and selling said articles and that the keeping thereof is a public nuisance under the provisions of Act 109 of the Acts of 1915 of our Legislature.

The appellant filed a demurrer to the complaint.

The chancellor held that it was not a violation of the laws of this State for appellant to have in its possession alcohol in its raw state to be used in the preparation of medicines, tinctures and varnishes specified in the complaint, and that it was not unlawful to sell said medicines, tinctures and varnishes to others when manufactured. The court held, however, that it is a violation of the law for the appellant to sell to others alcohol in its raw state. The court declined, therefore, to enter a decree prohibiting appellants from keeping alcohol to be used in the manufacture of medicines, tinctures and varnishes, but did enter a decree enjoining appellants from selling or giving away alcohol in its raw state.

I think that the question of whether appellant can use alcohol in making medicines, tinctures and varnishes is within the issues; for if appellant has not that right the keeping of alcohol by it for that purpose would be a nuisance and the decision of the court in not enjoining it from keeping same for the purpose was erroneous.

If it be said that the decision of the court in this respect was favorable to appellant and that it is in no attitude to complain, a sufficient answer is that this cause was advanced on the docket as a matter of grave public interest, and the view is at least opposed to the spirit of our former decisions on the question. See *McClure* v. *Topf & Wright,* 112 Ark. 342, and *Trammell* v. *Bradley, County*

*Judge,* 37 Ark. 374.   In the first case, Topf & Wright had complied with the terms of the act, and claimed they had obtained the signatures of the required number to make for saloon license; and having done so, they could not turn back and attack the legality of the statute.   It is well settled that the validity of a statute can not be questioned by one to whom it has no application, or who is not injured by it, or who has voluntarily complied with it. And the general rule is that courts refuse to pass on the constitutionality of a statute unless absolutely necessary to a decision of the case.   The court in view of the grave public interests involved in the question waived those points and passed upon the validity of the statute.   The same view was taken in the last mentioned case where the decision of the lower court was adverse to the applicant for saloon license.

Being of the opinion that the question of whether or not the appellant can keep alcohol for use in the manufacture of medicines, tinctures, etc., is within the issues raised by the appeal, it becomes necessary for me to express an opinion on whether the prohibition act passed by our Legislature in 1915 forbids the sale of such medicines, tinctures, etc.

In my opinion, it is not a reasonable construction of the statute to hold that it prohibits the sale of every medicine or article in the preparation of which alcohol is used. My views are well expressed in the opinion rendered in *In Re Intoxicating Liquor Cases,* 25 Kan. 751, 37 Am. Rep. 284.   In that opinion Mr. Justice Brewer, afterwards a member of the Supreme Court of the United States, said:

"If the compound or preparation be such that the distinctive character and effect of intoxicating liquor are gone, that its use as an intoxicating beverage is practically impossible by reason of the other ingredients, it is not within the statute.   The mere presence of alcohol does not necessarily bring the article within the prohibition. The influence of the alcohol may be counteracted by the other elements, and the compound be strictly and fairly only a medicine.   On the other hand, if the intoxicating

liquor remain as a distinctive force in the compound, and such compound is reasonably liable to be used as an intoxicating beverage, it is within the statute, and this though it contain many other ingredients and ingredients of an independent and beneficial force in counteracting disease or strengthening the system."

I do not think medicines, tinctures, etc., containing alcohol, which can not be used as beverages, come within the prohibition of the statute. I think the views I have expressed are in accord with our previous decisions on the question.