## ORTON vs. NOONAN and another.

PLEADING: *Counter-claim.*

1. In an action to recover rents under a lease of water-power, defendants may counter-claim damages arising, before the commencement of the action, from breaches of covenants in the lease (1), for quiet enjoyment, and (2), to raise and maintain the dam, keep it in good repair, and supply the defendants with a certain amount of water.
2. It is not a valid reply to such a counter-claim, that the plaintiff has sold the premises since the commencement of the action.

3. Breaches of said covenants since the action was brought, are not a subject of counter-claim therein. *Orton v. Noonan et als.*, 29 Wis.

4. If the counter-claim may be construed as claiming damages for breaches subsequent (as well as for those prior) to the action, plaintiff's remedy is by objection to any evidence in support of such claim, or by motion to have that part of the counter-claim modified, and not by a reply that he has sold the premises since the commencement of the action.

5. A *demurrer* to such a reply was properly sustained.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff, *Orton*, instituted his action against defendants on the third day of June, 1865, to recover rents under a lease of a certain water-power. The sixth defense and counter-claim in defendants' answer, alleged that plaintiff had refused to furnish or permit defendants to use the water from the dam specified in the lease, continually from the eighth day of January, 1853, until the commencement of the action, and had continually disturbed defendants in their possession and use of the water so demised, and had diverted the water from their mill, so that they were unable to obtain the amount agreed to be furnished, thereby entirely losing the use of their mill for several months in each year, and partially losing it during the remainder of the time. The seventh defense and counter-claim in the answer, was a breach of the covenant to raise and maintain the dam at a certain height, and to keep the same in good repair, and supply defendants with a certain amount of water, and that by reason of such breach defendants had been compelled to repair the dam at great expense, and had sustained great damage by the delay and stoppage of their mills on account thereof. To these counter-claims plaintiff replied that on the fifth or sixth day of April, 1866, he had sold and conveyed the water power and dam mentioned in the lease, to one Mason, since which time he had had no possession or title thereto. Defendant demurred to the reply, and the demurrer being sustained plaintiff appealed.

*J. J. Orton*, appellant, in *pro. per.*

*Jason Downer*, for respondent.

DIXON, C. J. The order appealed from must be affirmed. The defenses and counter-claims numbered sixth and seventh, are good, the sixth as showing breaches of the covenant for quiet enjoyment contained in the lease, and the seventh, breaches of the covenant to raise, maintain and keep the dam in repair and supply the defendants with water. The damages sustained by the defendants in consequence of these alleged breaches are such as may be recouped and recovered against the plaintiff in this action up to the time of the commencement of the action, but not *after* that time. This was so decided upon a former appeal in this same action. We there held that the counter-claims of the defendants must be limited to such as existed when the action was commenced. *Orton v. Noonan*, 29 Wis. This action was commenced on the 3d day of June, 1865. It is of no avail, therefore, and bad pleading for the defendant to set up in reply to those counter-claims, or any others, that he sold and conveyed the water-power and dam in the lease mentioned on the 5th or 6th day of April, 1866, or at any other time since the commencement of the action. The reply for this reason set up an immaterial fact, and was insufficient to the counter-claims numbered sixth and seventh, and the demurrer to it was properly sustained. If the language of the sixth counter-claim and defense or any part of it can be construed as claiming damages *after* the commencement of the action, the simple remedy of the plaintiff will be to object to any evidence being received in support of such claim or allegation when he comes to the trial, and such evidence will be excluded; or the defendant might, perhaps, if he had so chosen, have had that part of the defense modified or stricken out on motion. The remedy by objection to evidence seems, however, quite sufficient.

*By the Court.*—Order affirmed.