## PATTERSON vs BRADLEY.

### Opinion delivered September 25, 1902.

1. *Pleading—Counter-Claim.*

   In an action to recover payment for services in threshing grain, upon a contract for such services, the defendant alleged as counter-claim

damages for plaintiff's negligently setting fire to and burning up grain which performing his contracted service. *Held*, the claim of defendant arose out of the contract sued upon and, under Sec. 5304 Mansf. Dig. (Sec. 3239 Ind. Ter. Stat.) was a proper subject of counter-claim.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by T. J. Bradley against M. S. Patterson. Judgment for plaintiff. Defendant appeals. Reversed.

This was an action of debt, brought before the United States Commissioner for the Sixth commissioner's district of the Northern district of the Indian Territory, at Vinita, by appellee against appellant. Appellee alleged that appellant was indebted to him in the sum of $114.34 on contracts for threshing for the seasons of 1897 and 1898; that there was due for the season of 1898 the sum of $20.49, and for the season of 1897 the sum of $93.85; and that these sums, together with the interest, amounted to $126.30. The appellant, by his amended answer, admitted the contracts for threshing, but alleged that for the season of 1898 the contract price was 2½ cents per bushel, instead of 3 cents, as set out by appellee, and as a counterclaim to the bill for 1897 interposed a claim for damages against the appellee for negligently and carelessly performing his contract of threshing, by which negligence the appellee set fire to and burned up about 1.000 bushels of appellant's wheat, worth 70 cents per bushel; that, on account of the limited jurisdiction of the commissioner's court, he asked leave to plead his damages to the extent of $100 against appellee's claim for threshing in 1897 under section 4074, Mansf. Dig. (section 2754, Ind. T. Ann. St. 1899). To the counterclaim the appellee demurred. The commissioner over-

ruled the demurrer, and there was a trial by jury, and judgment for appellee for $20.49. The appellee appealed from this judgment to the District Court, where the demurrer was sustained, and the appellant refused to plead further. The appellee then admitted appellant's claim of 2½ cents per bushel on the contract for the year 1898, and judgment was entered for appellee in the sum of $111.87.

*Smith & McCulloch,* for appellant.

*D. H. Wilson,* for appellee.

CLAYTON, J. The only error assigned by appellant in this case is that the court erred in sustaining the demurrer to the second paragraph of defendant's answer. The pleadings are not clear as to whether the transactions between the parties were embraced in a single contract, covering both years, or in two contracts,—one for the year 1897, and one for the year 1898; but from the whole tenor of the pleadings we take it that there was a separate contract for each year. But whether this be correct or not, as far as the question in this case is concerned, the result would be the same. The wheat was destroyed by fire while threshing out the crop of 1897. The answer alleges by way of counterclaim that while the plaintiff was engaged in carrying out his contract for threshing out his wheat for that year, he negligently set fire to it, which destroyed 1,000 bushels, to his damage $700. The acts of negligence alleged are that the fire originated in the separator of the machinery being used by plaintiff; that the same had not been properly oiled and looked after, and was negligently and carelessly run. The action was commenced before the Commissioner's Court, and defendant prayed that, because of the limited jurisdiction of that court, he be allowed to plead damages as a counterclaim or recoupment against plaintiff's demand for the year 1897 to the amount of $100. The sole question is, was the alleged negligent burning of defendant's

wheat so connected with the contract of threshing upon which
the plaintiff founds his claim that it may be recovered by counter-
claim? Sections 5034, 5036, Mansf. Dig. (sections 3239, 3241,
Ind. T. Ann. St. 1899), read as follows:

"The counterclaim mentioned in this chapter must be a
cause of action in favor of the defendants, or some of them,
against the plaintiff's, or some of them, arising out of the con-
tract or transactions set forth in the complaint, as the foundation
of the plaintiffs' claim, or connected with the subject of the
action."

"A set-off can only be pleaded in an action founded on
contract, and must be a cause of action arising upon contract or
ascertained by the decision of a court."

From a reading of the above sections of the statute it will
be observed that a set-off can only be pleaded "in an action
arising on a contract or ascertained by the decision of a court."
But not so with a counterclaim. As to that, any demand of the
defendant against the plaintiff, arising out of the contract or
transaction set forth in the complaint as the foundation of the
plaintiff's claim, or connected with the subject of the action, may
be pleaded. Does the demand of the defendant in this case, as
pleaded by him, arise out of the contract, or out of the transac-
tion as pleaded by plaintiff in his complaint, or is it connected
with the subject of the action? If it comes up to either of these
requirements, it is well pleaded, and the demurrer should have
been overruled; if not, it is not well pleaded, and the demurrer
should have been sustained. The contract was that the plaintiff
should, for a certain fixed price per bushel, thresh out the crop of
1897, and the whole of it. And this was such a contract that the
law implies and writes into it the duty of plaintiff to perform the
labor with care and skill. "A peron who undertakes a particu-
lar business contracts also, by implication, with his employer, as

to integrity, care, and reasonable skill." Bish. Cont. : 246. "Whenever one enters into another's service, whether in a continuous employment or for doing a particular thing, the law interpreting the contract adds to its general words, in the absence of special ones, or of special facts controlling the particular case, his promise to bring to the work ordinary skill and capacity, together with integrity therein, and faithfulness in the interest of his employer; and this in addition to his reasonable care common to all." Id. Sec. 1416, and authorities cited in notes 3-7. And the same author, continuing in section 1417, says: "To continue our illustrations from the law, of employer and employe, these and numerous other implied stipulations, introduced into the contract by interpolation, are of precisely the same effect as though written into it in terms." And therefore, if the plaintiff, while engaged in the performance of the duties required of him by his contract, whether those duties were stipulated by the words of the contract or implied by law, failed to exercise ordinary care and skillfulness in the discharge of those duties, whereby the wheat—the very thing to which the contract related—was destroyed, the damage to the defendant, caused thereby, whatever it may have been, was directly attributable to a breach of the contract by the plaintiff; that is, his agreement, implied by law, that he would use care and skill in threshing the wheat, was broken, and the damage accruing to the defendant was the result of a breach by plaintiff of the very contract upon which he founds his cause of action, and therefore, in the very language of the statute, is a cause of action in favor of the defendant against the plaintiff, arising out of the contract set forth in the complaint as the foundation of plaintiff's claim. This position is fully sustained by Bliss in his work on Code Pleadings, 371, 372. See, also, Orton vs Noonan, 30 Wis. 611; Cook vs Soule, 56 N. Y. 420; Myers vs Burns, 35 N. Y. 269; Griffin vs Moore, 52 Ind. 295. It seems to us that, if it be possible for a defendant to state a case in a suit upon a contract wherein his

claim arises out of the contract sued upon, the amended answer in this case does so. The demurrer admits that 1,000 bushels of wheat were destroyed by fire because of the want of care and the negligence of plaintiff while threshing it, and that defendant thereby sustained a necessary loss of $700, all of which was occasioned by plaintiff's violation of one of the stipulations of his agreement,—an implied one, it is true, but none the less a part of the contract. The defendant could have brought and sustained an independent suit for the loss thus occasioned, founded upon a breach of the contract sued upon in this case. How, then, can it be said that his demand does not arise out of it?

We are of the opinion that the court erred in sustaining the demurrer to the amended answer, and therefore let the judgment of the court below be reversed, and the cause remanded.