384

Jerry A. BALDWIN, Individually, and
AIR DISTRIBUTION PRODUCTS, INC.
*v.* John PRINCE

78-246                                         578 S.W. 2d 240

Opinion delivered March 26, 1979
(Division I)

*Tom Forest Lovett, P.A.*, for appellants.

*McHenry, Skipper & Skelton*, for appellee.

JOHN I. PURTLE, Justice. Appellant, Jerry Baldwin, d/b/a Air Distribution Products, and John Prince, appellee, entered into a contract in August 1973 which was by its terms to continue for one year but renewal for an additional year upon mutual agreement. The contract was not renewed in 1974; however, the parties continued to work together and appellee was paid according to the terms of the contract. He was paid a commission on sales made by him. The parties agreed to form a corporation whereby appellant Baldwin would own 51% of the stock and appellee 49%. Appellant Baldwin then incorporated under the name of Air Distribution Products, Inc. but he never made this fact known to appellee nor did he distribute any shares of stock to appellee. The parties moved into a building appellant had built sometime in 1974. They agreed to continue to work on the same payment schedule as the contract contained. Appellant stated so far as he was concerned the contract between the parties ended at the expiration of one year or in August of 1974. In September 1975 appellant discharged appellee because he told a competitor the amount of Air Distribution Products' bid on a job in Hot Springs.

Appellee brought suit in the Pulaski Chancery Court seeking an accounting for credit earned while he was employed by appellant and for the value of 49% of the stock in Air Distribution Products, Inc. Appellant denied he promised to sell appellee any stock and alleged that appellee came

into equity with unclean hands and the complaint should be dismissed. Also, appellant filed a counterclaim for $25,000 in damages because appellee solicited appellant's customers and sought to undermine appellant's business.

June 20, 1978, the court entered findings of fact and conclusions of law as follows:

1. Prince made sales while working for Air Distribution Products, Inc., and is entitled to commissions in the amount of $9,056.74.

2. A contract existed between the parties at the time.

3. Prince breached his fiduciary duty to his employer by relaying information concerning a bid, but neither Air Distribution Products, Inc. nor Jerry A. Baldwin were injured by the breach and suffered no damage.

4. Baldwin terminated the contract and fired Prince on the 6th day of October, 1975; however, the commissions earned by Prince prior to that time were valid and were to be computed pursuant to the provisions of the contract.

5. Prince is owed interest on the amount from the date the complaint was filed, which was June 29, 1976.

As we view the facts, appellee was a manufacturer's representative for appellant on a commission without any agreement as to the duration of the relationship. The facts are not disputed that appellant severed the working arrangement between the parties in September 1975 because appellee told a competitor the amount of appellant's bid on a certain job. Appellee admits this was a mistake. However, the competitor who was furnished the information by appellee neither changed his bid nor received the contract on that particular job. Apparently, some third party obtained that job. There was no loss to appellant as a result of this action by appellee. It was the incident which caused appellant to terminate the working arrangements between the parties.

The agreement provided appellee would be paid a certain percent of each job sold after the net profits were determined. This necessarily caused payments to appellee be paid at a date much later than the actual sale. It was from past sales the court determined the amount due appellee. This contract or agreement is what we designate as an apportioned service contract inasmuch as the remuneration received by appellee was directly apportioned to completion of specified transactions. An unapportioned contract would be one in which the time periods or items completed could not be separated.

Appellant cites two cases in support of his appeal. *Doss* v. *Board of Directors*, 96 Ark. 451, 132 S.W. 443 (1910) and *Neely* v. *Wilmore*, 124 Ark. 460, 187 S.W. 637 (1916). *Doss* was a contract whereby an engineer agreed to oversee the construction of a levee and during the course of construction he padded the subcontracts and received kickbacks. He was receiving pay from both parties. The court there held:

"So, we hold the law to be that where the agent is guilty of fraud upon his principal in the transaction of his agency, and his principal is put to trouble and expense of litigation in order to secure his rights, the agent forfeits his right to compensation for his services as a penalty for his fraudulent conduct."

In *Neely, supra,* the employee was employed to oversee a farming operation and in so doing wrote drafts to another employee far in excess of the correct amounts due the employee. It was held that the employee had committed a fraud upon his employer and was not entitled to collect his compensation because of the injury to his employer. Both these contracts were unapportioned and in both the employees were guilty of fraudulent conduct which damaged their employer.

We believe the rule to apply in this case is set out in Restatement, Second, Agency, § 456, which states:

If a principal properly discharges an agent for breach of contract, or the agent wrongfully renounces the employ-

ment, the principal is subject to liability to pay to the agent, with a deduction for the loss caused the principal by the breach of contract:

(a) the agreed compensation for services properly rendered for which the compensation is apportioned in the contract, whether or not the agent's breach is wilful and deliberate; and

(b) the value, not exceeding the agreed ratable compensation, of services properly rendered for which the compensation is not apportioned if, but only if, the agent's breach is not wilful and deliberate.

The Comments following the above Restatement are as follows:

. . .

b. Apportioned services. If an agent is paid a salary apportioned to periods of time, or compensation apportioned to the completion of specified items of work, he is entitled to receive the stipulated compensation for periods or items properly completed before his renunciation or discharge. This is true even if, because of unfaithfulness or insubordination, the agent forfeits his compensation for subsequent periods of time.

c. Unapportioned services. If the agent has rendered services, compensation for which is not apportioned in the contract of service, and his renunciation or other breach of contract is not wilful, he is entitled to an amount equal to the fair value of his services, not exceeding the agreed compensation, minus any damage caused to the principal by his breach of contract. A breach of contract is wilful and deliberate, as those words are herein used, only when the agent, in complete disregard of his contractual obligations, fails to perform or misperforms the promised services and has no substantial moral excuse for so doing, or is guilty of disloyal or grossly insubordinate conduct.

. . .

If the principal rightfully discharges an agent for cause, the agent is not entitled to compensation for services not yet rendered or sales subsequently made, in the absence of some understanding otherwise, although he may be entitled to the compensation which has accrued before the termination, or pro rata compensation for services already rendered, or to their reasonable value, if such services were part of the agreed consideration. 3 Am. Jur. 2d, Agency, § 257; *Northwest Auto Co. v. Harmon,* 250 F. 832 (9th Cir. 1918); *Powers & Co. v. American Society of Tool Engineers,* 345 Mich. 392, 75 N.W. 2d 824 (1956). Mere breach of agency contract, even though inconsistent with the good faith due the principal, is not ground for forfeiture of compensation already earned. *Richer v. Khoury Bros., Inc.,* 341 F. 2d 34 (7th Cir. 1965); 3 C.J.S. Agency, § 335. Also, C.J.S. Agency, § 344, states a contract will not be treated as entire and indivisible unless the terms of the contract clearly so provide.

We believe this contract or agreement was divisible as clearly expressed by the terms of the written contract which, according to both parties, was the method used to determine the compensation to be received by appellee. The services for which the award was made had already been earned and were merely awaiting payment from the vendees before distribution to the parties to this action. Appellant suffered no damages as a result of appellee's action. To hold otherwise would be unjust and give appellant a windfall bonus.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.