## NEELY *v.* WILMORE.

### Opinion delivered November 12, 1917.

1. PRINCIPAL AND AGENT—ACTION FOR COMPENSATION—MISCONDUCT OF AGENT.—Appellee was employed by appellants as manager of their plantation, and one H., a relative of appellants, was employed to keep the plantation accounts. Appellee sued appellants for salary due him, and appellants set up a counter-claim, alleging that appellee had permitted H. to overdraw his (H.'s) salary account, for which appellee was responsible. The court charged the jury that if appellants knew, or by the exercise of reasonable care, could have known that H. was overdrawing, and continued to pay his drafts for salary, and that if appellee did not know of such overdrafts, and had no information that would cause an ordinarily prudent person to know of such overdrafts, that appellee was not responsible therefor, and was entitled to a verdict. *Held,* under the testimony the instruction was correct.

2. PRINCIPAL AND AGENT—CLAIM FOR SALARY—COUNTER-CLAIM.—An agent sued his principal for salary due, the principal setting up a counter-claim growing out of the agent's negligence. The agent's defense to the counter-claim was a ratification of his acts by the principal. *Held,* the court properly refused to give an instruction at the principal's request, which overlooked the issue of ratification.

3. PRINCIPAL AND AGENT—WAGES—INTEREST.—An agent is entitled to interest on salary due him and withheld by his principal, by agreement.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*S. M. Neely,* of Memphis, and *Bevens & Mundt,* for appellants.

1. The court erred in its instructions given for plaintiff. 124 Ark. 460.

2. It was error to refuse No. 6 asked by defendant. Also in refusing No. 2 and in modifying it. 96 Ark. 451. Also in refusing and modifying No. 4. Also in refusing No. 5.

3. Defendants were entitled to open and close. The argument of counsel was improper. 33 Ark. 257; 102 *Id.* 640.

4. The verdict was excessive. No interest on yearly balances should have been allowed.

*Andrews & Burke* and *Fink & Dinning,* for appellee.

1. There was no error in giving instruction No. 2. 129 Ark. 163.

2. No. 3 was properly given. 2 C. J. 734; Mechem on Agency, § 503. It is not contrary to the rule announced on the former appeal of this case. 124 Ark. 460. Taken as a whole the instructions are correct. No recovery could be had if plaintiff had been guilty of fraud, unfaithfulness, negligence or carelessness in the discharge of his duties; this was *settled* by the verdict of the jury and appellants can not complain of mere defects. 117 Ark. 518. See also, 83 *Id.* 61.

Appellants had full knowledge that Harrison was drawing drafts for more than his salary and that appellee did not know that he had overdrawn.

3. There was no error in No. 4. Annual statements were rendered appellants and all drafts submitted to them. If they failed to object they will be held to have ratified the overdrafts.

4. It was not error to refuse No. 6 asked by defendants. They asked no other and it singled out one feature of the testimony and lays undue stress upon it.

114 Ark. 411; 93 *Id.* 316; 57 *Id.* 512; 30 *Id.* 362; 75 *Id.* 76; 105 *Id.* 469.

5. There is no error in the modification of No. 2 and 4 and 5. Although an agent has been guilty of negligence, he is not liable if the principal ratifies the act after knowledge even impliedly as by silence. 2 C. J. 719, 733-4; 49 Iowa 273; 111 Ill. 487; 2 C. J. 740.

6. The instructions as a whole are correct. 2 C. J. 724, 720-1.

7. Plaintiff was entitled to open and close. 85 Ark. 123.

8. Interest was properly allowed. His salary was due at the end of each year.

### STATEMENT OF FACTS.

This is the second appeal in this case. The opinion on the first appeal is reported in 124 Ark., p. 460, under the style of *Neely* v. *Wilmore.*

Appellee was manager of the plantation of the appellants for nine years and quit their services on the first of January, 1915. He instituted this suit to recover his wages for the last three years of his service. Appellants filed a counter-claim in which they allege that appellee had without authority overpaid R. E. Harrison for services as bookkeeper.

According to the testimony adduced in favor of appellee, R. E. Harrison had been employed as bookkeeper for several years prior to the time appellee was employed by them as manager of their farm. Harrison was the cousin of J. C. Neely and the other appellants. He recommended the employment of Wilmore to them. Hugh Neely employed Wilmore to manage the farm. During the time that Wilmore served as manager, Harrison was the bookkeeper and his books were open to the inspection of Hugh Neely when he visited the farm. Hugh Neely had active charge of the farm until August, 1914, and then Sidney Neely took charge of it. During the

years 1912, 1913 and 1914, appellee drew very little of his salary and this suit is for the balance due him on salary for these years. The expenses of the farm as well as the salary of Harrison were paid by drafts drawn on Sternberg, Mallory & Co., of Memphis, Tennessee, which were signed by appellee as manager. During the last three years of his services, Wilmore signed drafts in favor of Harrison on account of his salary largely in excess of the amount due him. These drafts showed on their face that they were for Harrison's salary. The annual statements were delivered to appellants for their examination.

Appellee testified that he relied on Harrison to keep the account because he was a first cousin to appellants and that he did not know that he had overdrawn except in certain instances named by him and that he had permission from Hugh Neely for Harrison to overdraw on these occasions; that the books of Harrison were open to inspection to Hugh Neely when he visited the farm and that the annual statements to him included the checks drawn in favor of Harrison on his salary account. The testimony of appellee is corroborated by that of Harrison.

Another witness testified that he heard Hugh Neely, on one occasion, direct appellee to pay Harrison $75 on salary during the high water in the spring of 1913.

S. M. Neely, one of the appellants, testified that the J. C. Neely estate was the owner of the land managed by appellee; that he, S. M. Neely, was the sole trustee for the estate and that Hugh Neely was his agent; that nearly all the drafts, prior to 1914, drawn in favor of Harrison showed that they were on salary account; that one of the drafts drawn in 1914 showed that it was for salary.

The jury returned a verdict in favor of appellee and the case is here on appeal.

HART, J., (after stating the facts).  (1)  Appellants assign as error the action of the court in giving the following instruction:.

"If you find from the testimony in this case that the defendants knew, or by exercise of reasonable care should have known, that the salary account of R. E. Harrison was overdrawn, and, with such knowledge, continued to pay drafts drawn upon them for his salary; and if you further find that the plaintiff did not know that such account was overdrawn and had no such information as would cause an ordinarily prudent person to believe that said account was overdrawn, then you will find for the plaintiff."

They insist that under this instruction appellee when charged with negligence in the performance of his duties as general manager is allowed to interpose the defense that the defendants were guilty of contributory negligence in not keeping watch on their agent's wrong doing. In other words, they claim that under this instruction a premium was placed on the wrong doing of the agent. We do not agree with counsel in this contention.  Harrison was a first cousin of appellants and had charge of keeping the plantation's accounts for them.  The drafts which were drawn by appellee in Harrison's favor for salary nearly all prior to the year 1914, showed on their face that they were for salary.  These drafts were turned in to appellant for examination annually.  If any examination had been made by appellants they would have seen at the end of each year that Harrison had overdrawn his account.  By continuing to pay drafts for his salary when they knew that his salary accounts were overdrawn or were in possession of facts which would lead to such knowledge, they ratified the action of appellee.  It was the duty of appellants to have examined the drafts showing overpayments of salary to Harrison and they will be deemed to have been in possession of the knowledge which such an examination would have imparted to them.  The continued payment of drafts

drawn by appellee in favor of Harrison for his salary after this, as above stated, constituted a ratification of appellee's action. Hence the instruction was not erroneous.

(2) It is next insisted by counsel for appellants that the court erred in refusing to give the following instruction:

"No. 6. Even if the jury find from the evidence that the plaintiff did not know what the salary of R. E. Harrison was, still this fact would be no answer to the defenant's counter-claim, because unless the plaintiff had this information he should not have drawn the drafts."

There was no error in refusing this instruction. It is true as stated by counsel for appellants that the instruction was in the language of the court on the former appeal in this case but it is not always proper to use the language of the court in an instruction. The court in using this language was considering the subject of a directed verdict for appellee. The court said in testing the correctness of a directed verdict it must view the evidence in the light most favorable to appellants and on that account must assume that appellee exceeded his authority in drawing drafts in favor of Harrison when his salary was overpaid. The court further stated that it was no answer to this contention for appellee to say that he did not know the amount due; for unless he had this information he should not have drawn the drafts. The language was correct in the discussion of the point then under review by the court. It would be incorrect for the court to have given the instruction as asked, for the instruction did not take into consideration the question of ratification at all and this was the main defense to the counter-claim relied upon by appellee.

Counsel for appellants also assign as error the action of the court in refusing to give the following instruction:

"The jury are instructed that if they find from the testimony that the plaintiff was the agent for the defendants, and, as such agent, had charge of the business of managing the plantation of the defendants, and, if you further find from the evidence that the plaintiff was guilty of any fraud or unfaithfulness in the transaction of his agency, he can not recover in this action, and your verdict will be for the defendants."

The court modified, by adding to the end of the instruction, "for the amount of the counter-claim," and this modification, it is insisted, is error. To sustain this contention they cite the opinion on a former appeal in which the court quoted from the case of *Doss* v. *Long Prairie Levee District*, 96 Ark. 451, as follows:

"The rule is well settled, both by the text-writers and the adjudicated cases, that where the agent is guilty of fraud, dishonesty or unfaithfulness in the transaction of his agency, such conduct is a bar to the recovery by him of wages or compensation."

That case was only cited as tending to show that the view of the court was that unliquidated damages flowing from a tort could be set up by way of a counter-claim. The facts in that case were essentially different from those in the present case. There it was charged and evidence was adduced to prove that the chief engineer of a levee district had conspired with the construction company to defraud the levee district in the construction of the levee. It was held that where the agent is guilty of actual fraud towards his principal and causes his principal trouble and expense of litigation in order to secure his rights, the agent forfeits his rights to compensation for his services as the penalty for his fraudulent conduct.

No such state of facts exists here. There is no fraud shown or attempted to be shown on the part of appellee. There is no proof tending to show collusion between him and Harrison in drawing the drafts for Harrison's salary. The most that can be said with reference to his con-

duct is that he negligently permitted Harrison to overdraw his salary. There is no testimony tending to show that his conduct in this respect was fraudulent. Therefore the rule anounced in the case just cited does not apply and the court was right in modifying the instruction.

(3) Finally it is contended that the court erred in allowing appellee interest on yearly balances. Appellee was employed by the year to manage the plantation of appellants. His compensation was due at the end of the year. According to his testimony he refrained from collecting his salary during the last three years of his service in order to accommodate the appellants. It would have been better to have calculated the interest on these amounts up to date of the rendition of the judgment against appellants for a stated sum but the language of the judgment amounts to this and no prejudice resulted to appellants in this respect.

It follows that the judgment will be affirmed.