AVERA *v.* RICE.

Opinion delivered October 16, 1897.

JUDGMENT—CONCLUSIVENESS.—Where an assignee is not made a party to a suit attacking the assignment, he will not be bound by a judgment holding the assignment fraudulent and void. (Page 331.)

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*G. W. Murphy* and *Gaughan & Sifford,* for appellant.

An assignee is not bound by a judgment against the validity of the assignment, in an action where he was not made a party. 19 Wis. 114; Herman, Estoppel & Res Adjudicata, 202; 15 Ark. 128; 38 Ark. 332.

BATTLE, J. On the 28th of December, 1894, Rice, Stix & Co. instituted an action in the Ouachita circuit court against Lazarus & Levy, to recover a debt of $1,519.80 due to them by the defendants on an account; and sued out an order of attachment on the ground that the defendants had sold, conveyed and disposed of their property with the intent to cheat and defraud their creditors, and hinder and delay them in the collection of their debts; and caused the sheriff to seize the property of the defendants in obedience to the command of the same.

On the 29th of January, 1895, W. F. Avera filed a complaint in the action, stating, in effect, that he was the owner and entitled to the possession of the property attached, by virtue of a deed of assignment executed and delivered to him on the 27th of December, 1894, by the defendants, Lazarus & Levy, for the benefit of their creditors, and that he was in possession of the property when the order was delivered to the sheriff, and when it was executed The grounds of attachment were controverted by the defendants; and on the 20th of April, 1895, the issues in the attachment were tried, and the court found the deed of assigment was void for fraud, and sustained the attachment, but Avera was not a party to

that trial. On the 22d of April, 1895, Rice, Stix & Co. filed an answer to the complaint of Avera, admitting the execution of the deed of assignment to Avera, but averring that it was fraudulent and void, and denying that Avera was the owner and entitled to the property. On the same day a jury was impaneled to try the issues joined by this answer. In the trial Avera offered to prove the execution and delivery of the deed of assignment by which the property attached was con- veyed to him by Lazarus & Levy for the benefit of their cred- itors, and the court, on objection, refused to allow him to do so. He offered to read it as evidence, and the court, on objection, refused to admit it. While he was testifying, Avera was asked by his attorney if he was in possession of the property in con- troversy at the time it was attached. The question was objected to, and the court asked the attorney propounding it, "What is the object of these questions and of all this exemination?" and said, "I suppose, Mr. Gaughan, you are trying to get the deed of assignment before the jury, are you not?" The attorney replying in the affirmative, the court said: "Then the court holds that it is not admissible, because the court takes judicial knowledge that at the present term of this court, in a case pending between Rice, Stix & Co. and Lazarus & Levy, this same deed of assignment was held, upon a full investigation of the issues in said cause before the court, void on the ground of fraud in fact, and, under the statutes of this state, the fraud of the assignor affects and destroys the deed in the hands of assignee, and I therefore hold that the deed of assignment is void on the ground of fraud in fact, and refuse to permit the witness to answer the question."

The complainant, Avera, then offered to prove that the had made, executed and filed bond and inventory before he took possession of the property, and the court refused to admit the evidence; and, after many such offers and refusals, instructed the jury to return a verdict in favor of Rice, Stix & Co., which they did. Judgment was rendered against the claimant accord- ingly, and, after the filing and overruling a motion for a new trial, and "taking a bill of exceptions," he appealed.

The court erred in refusing to allow the appellant to prove his title to the property attached by the proof of the execution

and delivery of the deed of assignment, and to read the same as evidence, and to prove that he had entered into bond and filed inventory of the property assigned in the manner prescribed by law, and that he was in possession of the property when the order of attachment was delivered to the sheriff. He had the right to prove his claim to the property by any fact in his knowledge or possession. The fact that the deed was held to be void in the trial of the issues joined by the affidavit of Lazarus & Levy controverting the grounds of attachment did not deprive him of this right. He had the right to adduce the same evidence heard in that trial, if it was competent. He was not a party to that trial, and was not affected by its result. He was entitled to "a day in court." *Probst* v. *Welden*, 46 Ark. 405, 412; Sand. H. Dig., §§ 372–374.

Reversed and remanded for a new trial.