## TREADWELL v. PITTS.

Opinion delivered November 27, 1897.

JUDGMENT—MUTUALITY OF ESTOPPEL.—Where, in an attachment suit brought
to determine the validity of an assignment, the assignee is not a party, a
finding therein that the assignment was not fraudulent will not estop
the plaintiff therein from subsequently litigating the same question upon
the trial of an interplea filed by the assignee; the rule being that estoppels
must be mutual. (Page 450.)

Appeal from White Circuit Court. .

HANCE N. HUTTON, Judge.

*Grant Greene, Jr., John T. Hicks* and *W. B. Smith*, for
appellants.

*Jno. M. Moore*, for appellees.

The findings of the court as to the alleged circumstances of
fraud "dehors the deed" are conclusive. 54 Ark. 235; 53 Ark.
327; 53 Ark. 537. On the trial of the interpleader, it is not
competent to re-litigate the questions passed on in the previous
trial of the attachment suit. 1 Shinn, Att. & G. 318; 62 Ark.
171; Drake, Att. 411; 44 Ark. 153–165; 38 N. Y. S. 620;
125 N. Y. 261; 55 Fed. 695; 51 Am. Dec. 573; 29 Ark. 91;
30 Am. Dec. 155.

PER CURIAM. These two cases are heard together; No.
3245 being a suit in attachment by appellants against defend-
ants; and No. 3236 being a trial of an interpleader, really in
the same suit, where Lytle, the assignee named in the deed of
assignment, claimed, under said deed, the property taken in the
attachment. The attachment was tried first, the court sitting
as such to hear and determine the issues in the same.

The grounds of the attachment were two, although stated
in one paragraph, to-wit, that the defendants "have sold and
conveyed, and otherwise disposed of, their property, with the
fraudulent intent to cheat, hinder and delay their creditors, and
are about to sell and dispose of the same with such fraudulent
intent," and "that said defendants have fraudulently removed

a material part of their property out of the state, not leaving enough therein to satisfy the claim [claims] of said defendants' creditors."

To sustain their contention, the plaintiffs introduced in evidence a certain deed of assignment for the benefit of creditors, executed by defendants to W. H. Lytle, as assignee, on the 24th day of January, 1895, and also the inventory taken by said assignee, and filed as a list of the property conveyed to him, and then sundry witnesses, by whom it was shown, in effect, that sometime previous to the making of the assignment, and when the defendants were in a condition of insolvency, they had removed cotton out of the state, to the city of St. Louis, not leaving enough property in the state to satisfy the claims of their creditors, and to show that the attorney's fee provided for was for services other than advice and work in about the preparation and drawing of the deed of assignment; that certain notes of defendant firm were disposed of without adequate consideration, and in contemplation of, and as a part of, the assignment; that a note, the individual property of W. S. Lay, one of the defendants, was withheld from the assignment; and that, about the time the deed of assignment was being prepared, said Lay executed a deed of trust on a large amount of his individual property to secure an indebtedness to his wife, said deed of trust calling for an excessive indebtedness, if any existed.

During the progress of the trial, plaintiff asked a witness (one of the defendants) if he had not told the bookkeeper of his firm that they were worth $40,000 or $50,000, which question, being objected to, was ruled out by the court, to which ruling plaintiffs excepted, and saved their exceptions.

The court sustained the attachment on the ground that defendants had removed property out of the state when they were in a condition of insolvency, not leaving enough in the state to satisfy the claims of their creditors; and, subsequently, during the same term, on motion of defendants, changed the findings so as to show that not only was the attachment sustained on said ground, but on that only, and that it was not sustained on the other ground named in the affidavit for the order of attachment.

Upon this case, No. 3245, or rather upon this first part of the whole case, we have only to say that we find no reversible error in the judgment of the court.

Case No. 3236 is an intervention or interpleader by W. H. Lytle, who claimed the attached property under the deed of assignment in which he was named as assignee, which was shown to be prior to the lien of the attachment. His original claim, filed before the attachment suit was tried, was demurred to by plaintiffs on the general ground that it did not state facts sufficient to constitute a cause of action; but after the attachment was tried, and before this demurrer was disposed of. interpleader filed an amended interplea, in which the grounds of his claim were enlarged so as to incorporate therein the judgment and modified judgment of the court in the attachment suit; and to this amended interplea plaintiff also interposed a general demurrer, coupled with their answer thereto, and this demurrer was by the court sustained; but, without further change in the pleadings or proceedings to conform to the new state of things, both parties announcing ready for trial on the issues. made by the interplea and the answer, a trial was accordingly had, resulting in a verdict by the jury in favor of the interpleader. A new trial was asked and refused by the court, and the appeal taken to this court.

To sustain his cause, the interpleader (Lytle) introduced himself as a witness; and as a part of his testimony, over the objection of the plaintiffs, he was permitted to read in evidence the deed of assignment, and the record of the proceedings and judgment in the attachment suit. He also testified as to the execution of his bond as assignee, and the taking of the inventory, during the progress of which the goods were seized under the writ of attachment by the sheriff at the instance of plaintiff; about all of which there seems to have been. no controversy, except as to the admission of the assignment and record of proceedings in the attachment in evidence. Upon this, interpleader rested, and plaintiffs then offered to adduce in evidence the same testimony they had introduced in the attachment suit, in so far as the same would tend to show that the assignment was in fact fraudulent,—that is to say, the evidence as to provision for attorney's fees, the evidence

as to the notes withheld, and as to the claim of Lay's wife, and the deed of trust given to secure the same; and this was refused by the court on the ground that it was identically—at least, substantially—the same testimony as plaintiffs had adduced in the attachment suit for the purpose of invalidating the assignment, and, as the court had in that suit held the testimony insufficient for that purpose, it would not now be admitted for substantially the same purpose, by the same party.

To the ruling of the court, plaintiffs excepted, and their exceptions were noted of record, and after verdict and judgment for interpleader, and motion for new trial made and overruled, plaintiffs excepted and appealed.

We held in the recent case of *Avera* v. *Rice, ante,* p. 330, that the assignee and interpleader, who was not a party to the attachment suit, was not bound by the judgment therein, so far as the issues made by and upon his interplea were concerned, but that in regard thereto he was entitled to a full hearing, and was privileged to make out his case, notwithstanding any adverse judgment in the attachment suit. A majority of the court are of the opinion that the principles of that case apply to the one now under consideration, and that it matters not that the rehearing of the evidence is now demanded by the plaintiff, while in the former case the demand was by the interpleader. The principle is the same, under the rule that estoppels must be mutual.

The lower court having committed an error in this regard, its judgment in that particular is reversed, and the cause remanded for a new hearing on the interplea.

BUNN, C. J., non-concurring in the judgment of reversal.