## DOSS *v.* LONG PRAIRIE LEVEE DISTRICT.

### Opinion delivered November 14, 1910.

1.  AGENCY—EFFECT OF AGENT'S FRAUD.—Where an agent is guilty of fraud upon his principal in the transaction of his agency, and his principal is put to trouble and expense of litigation in order to secure his rights, the agent forfeits his right to compensation for his services as a penalty for his fraudulent conduct.  (Page 454.)

2.  JUDGMENT—CONCLUSIVENESS.—A judgment is conclusive only between the parties and their privies.  (Page 454.)

3.  SAME—CONCLUSIVENESS AGAINST STRANGER.—The fact that a principal recovered judgment for damages against one who was alleged to have conspired with his agent to defraud such principal is not evidence of such conspiracy against the agent or his privies.  (Page 454.)

4.  TRIAL—DIRECTING VERDICT.—It is error to direct a verdict where there is a substantial conflict of testimony upon the issue involved in the case.  (Page 455.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Cockroft, Odle & Cowern* and *Warren & Smith,* for appellant.

1. A judgment upon the merits of a controversy is binding upon all parties and privies, and is a complete bar to any new action, suit, defense, setoff or counterclaim involving the same matter. 24 Am. & Eng. Enc. of Law, (2 ed.), 710; 19 Enc. Pl. & Pr. 736.

2. Appellee's defense is barred by the former recovery. 24 Am. & Eng. Enc. of Law (2 ed.), Tit. *Res Judicata;* 85 Md. 8.

3. In an action *ex contractu,* defendant can not counterclaim or setoff unliquidated damages flowing from a tort. 27 Ark. 489; 1 Ark. 338; 12 Ark. 651; 48 Ark. 396; 55 Ark. 312; 9 Ind. 470; 53 Ind. 216; Pomeroy's Remedies & Rem. Rights, § 784; Kirby's Digest, § 6099. An unliquidated claim, whether arising out of contract or sounding in tort, can not be used as a setoff. Kirby's Digest, § 6101; 30 Ark. 50; 54 Ark. 187; 4 Ark. 527; 27 Ark. 489; 16 Ark. 97; 25 Am. & Eng. Enc. of Law (2 ed.), 501.

4. Before the matter set up in the answer could be a good defense against appellant, it must be a valid and enforceable counterclaim against LeVasseur, were he the plaintiff. Pomeroy's Rem. & Rem. Rights, § § 741, 752.

*Henry Moore, Jr.,* for appellee.

1. The counterclaim and setoff of appellee arises out of the contract set out in the complaint, is connected with the subject-matter of the action, and falls within the exceptions mentioned in the statute. Kirby's Digest, § 6099. As to the meaning and intent of this statute, see 60 Ark. 387; 64 Ark. 224; 71 Ark. 414.

2. Appellant took the certificate subject to all defenses which the apellee had against LeVasseur; and he, after perpetrating the fraud practiced by him in the course of his employment, could not recover.

*Cockroft, Odle & Cowern* and *Warren & Smith,* in reply.

The court erred in directing a verdict. There was conflicting evidence which should have been submitted to the jury. 77 Ark. 556; 71 Ark. 305; 63 Ark. 94; 62 Ark. 63; 61 Ark. 442; 39 Ark. 413; 36 Ark. 451; 35 Ark. 147; 33 Ark. 350.

HART, J.   This was an action brought by appellant against appellees to recover the sum of $700 alleged to be due upon a certificate of indebtedness issued to Charles LeVasseur for services while in the employment of appellees, and by him transferred to appellant.

Appellees answered, admitting the employment of LeVasseur, and the issuance of the certificate of indebtedness to him for his services; but they alleged facts which showed that LeVasseur was guilty of fraud in the transaction of his agency, and that the certificate was issued before his fraudulent acts became known to appellees. The facts, so far as they are material to a determination of the issues raised, are as follows:

The board of directors of the Long Prairie Levee District entered into a contract with the Tally-Bates Construction Company, of Memphis, Tennessee, to construct a levee in Lafayette County, Arkansas.   The board employed Charles LeVasseur as its chief engineer, and it became his duty as such engineer to superintend the construction of the levee generally, to make estimates of the amount of work done, to see that it was built according to the plans and specifications provided in the contract, and, in general, to perform such duties as are usually performed by chief engineers in the construction of levees.

Appellees adduced evidence tending to show that LeVasseur, during the term of his employment by them, was in collusion with the Tally-Bates Construction Company, and conspired with it to defraud appellees; that LeVasseur was, during the term of his employment by them, also in the service of the Tally-Bates Construction Company without their knowledge or consent; that during such period he returned false and fraudulent estimates of the work done by said construction company largely in excess of what was actually done by it, and that he was guilty of other frauds in the conduct of his agency; that, as a result of his dishonesty, appellees were compelled to institute suit against the Tally-Bates Construction Company to recover the amounts lost by them on account of his fraudulent conduct and collusion with said construction company; that they recovered judgment in their said suit against the Tally-Bates Construction Company, but that they were com-

pelled to expend the sum of $600 for attorney's fees for the prosecution of the suit.

LeVasseur was a witness for appellant, and denied that he had been guilty of any fraud whatever in the discharge of his duties of chief engineer while in the employment of appellees; and stated that he had discharged his duties in an efficient manner, and was in every way faithful to the interest of his employers.

The trial court directed the jury to return a verdict for appellees, and the case is here on appeal.

Did the court err in directing the verdict?

The rule is well settled, both by the text-writers and the adjudicated cases, that where the agent is guilty of fraud, dishonesty or unfaithfulness in the transaction of his agency, such conduct is a bar to the recovery by him of wages or compensation. 31 Cyc., p. 1498, and cases cited in note 5; 1 Clark & Skyles on the Law of Agency, p. 819; Story on Agency, § § 333 & 334; Mechem on Agency, § § 643, 798; Tiffany on Agency, p. 418.

So, we hold the law to be that where the agent is guilty of fraud upon his principal in the transaction of his agency, and his principal is put to trouble and expense of litigation in order to secure his rights, the agent forfeits his right to compensation for his services as a penalty for his fraudulent conduct.

It is not claimed by appellant that she acquired any greater rights by the transfer than LeVasseur had before; but she insists that the court erred in taking from the jury the question of LeVasseur's honesty and faithfulness in the discharge of the duties of his agency; and in this we think appellant is right.

It is well-settled that a judgment or decree is conclusive only between the parties or their privies. *Avera* v. *Rice,* 64 Ark. 330; *Treadwell* v. *Pitts,* 64 Ark. 447; *Spaulding Mfg. Co.* v. *Chaudoin,* 87 Ark. 418; Crawford's Digest, vol. 1, p. 523 and 524.

"It sometimes happens that a third person and an agent conspire to practice a fraud upon the principal, and in such a case the principal may maintain an action against either

or both to recover damages for the conspiracy and fraud. And the fact that the principal has brought an action and recovered against the agent for his fraud as agent does not prevent a subsequent recovery against the third person for his fraud, because these are separate causes of action." 2 Clark & Skyles, Agency, pp. 1197 and 1198.

"In such case the agent has been guilty of two distinct and independent frauds—the one in his character of agent, the other by reason of his conspiracy with the third person with whom he had been dealing." *Ib.,* 1199.

It follows that, under the facts as shown by appellees, they had a right to proceed against either the Tally-Bates Construction Company, or LeVasseur, or both. They elected to sue the former. The latter was not made a party to the suit. He had no legal right to control the proceedings, or to make a defense to the action, or to prosecute an appeal from the decree. He was a stranger to that suit, and is not concluded by the judgment rendered therein.

A judgment is evidence of nothing, in a subsequent action between different parties, except that it had been rendered. *Thomas* v. *Hinkle,* 35 Ark. 450.

It follows that the decree in the case of appellees against the Tally-Bates Construction Company is not evidence of the facts upon which the decree was founded; that is to say, the decree in that case is no evidence to show that the damages which appellees sustained was caused by the fraud and misconduct of LeVasseur. In short, the fact that appellees, in a suit against the Tally-Bates Construction Company alone, recovered damages for alleged fraud and collusion practiced upon them by said construstruction company and LeVasseur is no evidence that LeVasseur was guilty of such fraudulent conduct. That was a fact to be proved by other evidence. Of course, appellees had a right to adduce the same evidence heard at that trial, if it was competent. *Avera* v. *Rice, supra.*

LeVasseur testified that he had been guilty of no wrongful conduct affecting the rights of appellees while he was employed by them. This presented a conflict in the testimony which appellant had a right to have submitted to the jury; and the court erred in directing a verdict for appellees.

Other errors in the admission of testimony are pressed upon us as grounds for a reversal of the judgment; but, in view of the principles of law announced, we do not think they will be likely to again arise on a retrial of the case; and we will not discuss them.

For the error in directing a verdict for appellees, the judgment will be reversed, and the cause remanded for a new trial.