BERRYMAN *v.* CUDAHY PACKING COMPANY.

4-4007

Opinion delivered October 21, 1935.

534

▮▮▮▮▮▮▮▮▮▮

*Robert Bailey* and *Charles W. Mehaffy,* for appellant.

*Hays & Smallwood,* for appellee.

BUTLER, J. The appellants began this action in the Pope Circuit Court against the Cudahy Packing Company and Claude Westerfield to recover for the injury and death of appellants' intestate, alleged to have been occasioned by the negligence of the company acting through its agent and employee, Claude Westerfield. Summons was issued and served on both defendants. The Cudahy Packing Company moved to quash service of summons as to it. The court sustained the motion, and from that order the appellants prosecuted an appeal to this court, which reversed the judgment of the trial court and remanded the cause with directions to overrule the motion to quash service. *Berryman* v. *Cudahy Packing Company,* 189 Ark. 1157, 76 S. W. (2d) 956. After the motion to dismiss was sustained in the lower court, appellant Berryman proceeded against the defendant Westerfield to judgment. On remand the appellee company filed its motion in the trial court to dismiss on the ground that the taking of the judgment against its co-defendant Westerfield constituted a discontinuance of the action against it. The court sustained the motion and adjudged that the appellee company be permitted to go hence without day. From that judgment this appeal has been prosecuted.

To sustain the action of the court below, appellee relies (1) on the provisions of § 1287, Crawford & Moses' Digest, and (2), the rule announced in § 50, page 1166, 18 C. J., as follows: "In an action *ex delicto* the taking of a judgment by the plaintiff against one of several defendants operates as a discontinuance of the case as to all the other defendants." In support of the doctrine last announced, reliance is placed upon the case of *Criner*

v. *Brewer,* 13 Ark. 225, and the cases of *McCulla* v. *Brown,* 178 Ark. 1011, 13 S. W. (2d) 314; *Coats* v. *Milner,* 134 Ark. 311, 230 S. W. 301, and *Sessions* v. *Johnson,* 95 U. S. 347, 24 L. ed. 596.

1. Section 1287, Crawford & Moses' Digest, provides as follows: "An action at law upon contract, wherein the summons has been served in due time as provided in § 1208, upon part only of the defendants, shall stand for trial on the first day that the court meets in regular or adjourned session after the expiration of the time allowed by said section as to those so summoned, and may be continued to a future day as to the others for further proceedings. In other actions in proceedings at law the plaintiff can only demand a trial as to part of the defendants upon his discontinuing his action as to the others."

This statute has no application to the facts of the instant case. It applies only to actions upon a contract, and then only to cases where there is failure to serve part of the defendants, and the plaintiff elects to proceed to trial which can be done only where there is a nonsuit taken on the first day of the term as to the defendants not served. *Biddle* v. *Riley,* 118 Ark. 206, 176 S. W. 134. In the case at bar the action is one sounding in tort, and both defendants were served in the proper manner and in apt time, and this status was not altered or suspended by the erroneous conclusion and order of the trial court. *Berryman* v. *Cudahy Packing Co., supra.*

2. The case of *McCulla* v. *Brown, supra,* merely states the rule that, joint tort-feasors being jointly and severally liable for the tort, the plaintiff is entitled to join them all in a suit for damages, or to sue them separately, although entitled to but one satisfaction. This is the rule announced in the case of *Coates* v. *Milner,* and also in *Sessions* v. *Johnson, supra.* In the latter case there is an announcement of the further principle that, if a plaintiff first sues all jointly, or any one of them separately, he is bound by his election and cannot afterward seek his remedy against the defendants otherwise. These principles have the approval of this court in the case of *Bush* v. *Barksdale,* 122 Ark. 262, 183 S. W. 173, and in cases

cited by appellee, and is indeed one upon which all authorities agree. What is said of these cases demonstrates their inapplicability to the question presented by the contention (2) of appellee.

An examination of the facts in the case of *Criner* v. *Brewer, supra,* discloses that it, too, is not in point. That case was an action of trespass for assault and battery brought by Brewer against Criner and Robert and William Parker. At the return term it appeared that William Parker was not served with process, and the case was discontinued as to him. Criner and Robert Parker filed their separate pleas of not guilty. The plaintiff joined issue to the plea of Criner, but refused to notice or take issue with that of Robert Parker. The case was tried as to the issues raised between plaintiff and Criner, which resulted in a verdict for the plaintiff and an assessment of the sum of $50 in damages. On appeal, the point raised by Criner was that, as the case was left pending against one of the defendants, and the judgment failed to dispose of the whole case, it was error to render judgment against him. There is language used in the opinion which might tend to support the contention of appellee in the instant case, but it is to be seen from the facts stated that the question here involved was not an issue in the case decided.

The rule (2) contended for is that generally adopted by the English courts, but which has not found favor in the courts of this country, although courts of a few of the States have followed it. The effect of a judgment for or against one joint-feasor as a bar in proceeding by the injured party against another is stated in Freeman on Judgments, 5th ed., vol. 2, § 573, as follows: "Generally, such wrongdoers are regarded as jointly and severally liable, and obviously there is no privity between them, since they do not claim through each other. The rule now generally followed in the United States, therefore, is that a judgment against one is not *res judicata* as to another, and, unless satisfied, does not bar an action against him, the rule in such case being similar to that applied to judgments upon joint and several contracts, though in one or two States the contrary English rule

is followed." To the same effect is the conclusion of the author in Cooley on Torts, 4th ed., vol. 1, § 82. There are many cases supporting the doctrine announced in the quoted text which may be found collected in note 9 to § 573, Freeman on Judgments, *supra.* The doctrine is further well expressed in the case of *Sloan* v. *Herrick,* 49 Vermont, 327, as follows: "In actions of tort, nothing less than what in law is regarded a legal satisfaction of the tort by one joint tort-feasor will operate to discharge the other joint tort-feasor. Neither the recovery of a judgment against one joint tort-feasor that remains unsatisfied in whole or in part, nor the release of one on the receipt of part satisfaction for the tort, when it is expressed in the release that the sum paid is received only in part satisfaction, operates to bar the injured party from pursuing the other joint tort-feasors for so much of the tort as remains unsatisfied."

The Supreme Court of Alabama, referring to one of its former decisions holding that an injured party may proceed against the trespassers jointly as well as severally, but that he may have only one satisfaction for the same trespass, has this further to say: "This I take to be the correct rule, for, the trespassers being severally as well as jointly liable, they cannot be discharged from their liability until there is a satisfaction of it, and the mere rendition of judgment, without more, against one joint trespasser will not preclude the plaintiff from proceeding to judgment against the others." *Blann* v. *Crocheron,* 19 Ala. page 647.

The Civil Code provides (§§ 401 and 404, now §§ 6235 and 6237, Crawford & Moses' Digest):

Section 6235. "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

Section 6237. "Though all the defendants have been summoned, judgment may be rendered against any of them severally, where the plaintiff would be entitled to judgments against such defendants if the action had been against them alone."

538

In discussing the effect of these provisions, this court, in *Parke* v. *Meyer,* 27 Ark. 551, observes: ''Thus it is to be seen the Code allows a several judgment to be entered whenever a several suit might have been brought.''

At common law a final judgment against part of defendants in actions *ex contractu* could not be entered without disposing of the entire case. It was to alter this rule that the statutes above quoted were enacted, and to create a common procedure for both actions *ex contractu* and *ex delicto.* This is clearly the intention of the statutes, because no distinction is made as to the nature of the action with which it deals. As to the reasons for the enactment of the statute and its effect, reference is made to vol. 11 Enc. of Pl. & Pr. pages 852-854.

Since a several suit might have been brought against any one of the joint tort-feasors, the quoted statute becomes applicable under the rule announced in *Parke* v. *Meyer, supra.*

From the authorities cited we conclude that the learned trial judge erred in sustaining the plea of the appellees. The judgment will therefore be reversed, and the cause remanded with directions to overrule appellee's motion to dismiss, and for further proceedings in conformity to law and not inconsistent with this opinion.