HOGAN *v.* BRIGHT.

4-8760                                   218 S. W. 2d 80

Opinion delivered February 21, 1949.

Rehearing denied March 21, 1949.

692

*Byron Bogard* and *Milton McLees,* for appellant.

*Madrid B. Lofton* and *Wm. J. Kirby,* for appellee.

GEORGE ROSE SMITH, J.  In 1922 Lewis and Julia Hogan purchased, as tenants by the entirety, the house and two lots involved in this action.  The couple separated a year later and continued to live apart until Julia's death in 1939.  Julia was in possession of the property during this period, either personally or through tenants.  After her death her four children continued to collect rents until 1946, when they heard that their father was dead.  Acting on that information they sold the land to their aunt, the appellee.

Hogan, the appellant, was actually alive, and in 1948 he brought this suit to cancel appellee's deed.  There was much testimony about appellant's declarations that he intended for his wife and children to have the property, but in his own testimony appellant qualified these declarations by saying that he did not intend for the children to sell their interest.  The chancellor canceled the appellee's deed, but further held that the four

children—not parties to this action—have life estates in the land, with remainder to appellant. This appeal seeks to question the existence of those life estates. There is no cross appeal.

At the threshold of the case we are met by the fact that we cannot render a binding judgment. The appellee's deed was canceled by the trial court, and this action has become final as to her for want of a cross appeal. This leaves only the life estates in issue here, and whatever we might decide would not bind the life tenants, who are not parties. Even though one of them testified below in appellee's behalf, a mere witness is not bound by the adjudication. Rest., Judgments, § 93, *Comment d.* Nor is the appellant concluded, as against his children, from relitigating the validity of these life estates, for estoppels by judgment must be mutual. *Treadwell* v. *Pitts*, 64 Ark. 447, 43 S. W. 142. Thus we are asked to decide an academic question. This is contrary to our practice.

Appeal dismissed.

GEORGE ROSE SMITH, J. On rehearing. When this case was first submitted neither the transcript nor the briefs indicated that appellant's four children were parties to the action in the trial court. With his petition for rehearing appellant tenders a supplemental transcript containing an intervention by these children, which was filed before trial but omitted from the original record, and a *nunc pro tunc* decree reciting the interveners' appearance at the trial. We are asked to withdraw our first opinion and render a decision on the merits.

In some instances we may permit an amendment of the transcript on rehearing. *Morton* v. *State,* 208 Ark. 492, 187 S. W. 2d 335. But here the question is one of power. Appeals to this court must be taken within six months after the rendition of the decree. Ark. Stats. (1947), § 27-2106. In this case no attempt was made to bring the interveners before this court until more than two months after the time for appeal had expired. To allow this action now would have the effect of extending

the time for appeal, which we cannot do. *Caudle* v. *Turner,* 179 Ark. 337, 15 S. W. 2d 978.

Rehearing denied.