DAVIS, ADMINISTRATRIX v. PERRYMAN.

5-840                                    286 S. W. 2d 844

Opinion delivered February 13, 1956.

*Gerland P. Patten,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

ED. F. McFADDIN, Associate Justice. The question posed is whether the appellant is barred from maintaining the present action because of previous litigation. The Trial Court answered the question in the affirmative and dismissed the complaint. This appeal ensued.

On November 3, 1954, Mrs. Rea Howell Davis, as administratrix of the estate of her husband, James Henry Davis, filed this present action in the Pulaski Circuit Court against Jerry T. Perryman, as sole defendant. The complaint alleged, *inter alia,* that on November 11, 1952, the said James Henry Davis was killed in a traffic collision between his car and a truck of the East Texas Motor Freight Lines, then driven by the defendant, Perryman, as servant of said East Texas Motor Freight Lines; that James Henry Davis was free of all negligence and that the collision occurred entirely because of the fault and negligence of the defendant, Perryman, against whom damages were prayed. In due time, the defendant filed his motion to dismiss, as follows:

". . . on January 30, 1954, Rea Howell Davis, Administratrix of the Estate of James Henry Davis, Deceased, filed suit against East Texas Motor Freight Lines, a corporation, in the United States District Court for the Eastern District of Arkansas, Western Division, which said suit bore civil No. 2743 and involved the same traffic accident involved here. . . . In the said civil action No. 2743, the only grounds alleged for liability on the part of East Texas Motor Freight Lines, a corporation, were that Jerry T. Perryman was guilty of negligence which proximately caused the collision and that the said Jerry T. Perryman was an employee of East Texas Motor Freight Lines and acting within the scope of his employment at the time of the traffic accident. East Texas Motor Freight Lines, a corporation, in its

answer in the District Court of the United States, Eastern District of Arkansas, Western Division, in Civil No. 2743, admitted that Jerry T. Perryman was an agent and employee of the East Texas Motor Freight Lines and acting within the scope of his employment at the time of the traffic accident. United States District Court Cause No. 2743 was tried before a jury on the issue of whether or not East Texas Motor Freight Lines, a corporation, was liable to Rea Howell Davis, Administratrix, because of negligence on the part of Jerry T. Perryman; and resulted in a verdict in favor of East Texas Motor Freight Lines on April 20, 1954. Judgment on the verdict in United States District Court was entered on April 20, 1954; Rea Howell Davis has never appealed from the said judgment in favor of East Texas Motor Freight Lines; and the said judgment has now become final. Defendant pleads the foregoing proceedings, orders and judgments . . . United States District Court No. 2743 as a bar to this cause of action.''

At a hearing on said motion it was stipulated in open court by the respective parties, through their attorneys, that all of the allegations, contained in said motion to dismiss, were true. Thereupon, the Trial Court sustained the motion and dismissed the complaint; and appellant, claiming error, argues the two assignments now to be discussed.

*Assignment No. 1.* The appellant says: *''Res judicata does not apply, because in this case the East Texas Motor Freight Lines is not privy to Perryman, nor Perryman to the East Texas Motor Freight Lines.''* Among other authorities, appellant cites *Eldred* v. *Johnson,* 75 Ark. 1, 86 S. W. 670, to the effect that a judgment binds only parties to the action and those in privity with parties; and then appellant says that in the scope of such rule of *res judicata* a servant is not in privity with a master and an agent is not in privity with a principal; and to sustain such statement, appellant cites these Arkansas cases: *Mo. Pac. RR. Co.* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872; *Meyer* v. *Eichenbaum,* 202 Ark. 438, 150 S. W. 2d 958; *Gates* v. *Mortgage Loan, etc.,* 200 Ark.

276, 139 S. W. 2d 19; *Berryman* v. *Cudahy Pack. Co.,* 191 Ark. 533, 87 S. W. 2d 21; and in the oral argument before the Court, appellant added the cases of *Mo. Pac. RR. Co.* v. *Nelson,* 195 Ark. 883, 115 S. W. 2d 872; *Ark. P. & L. Co.* v. *Marsh,* 195 Ark. 1135, 115 S. W. 2d 825; and *Corder* v. *Norsworthy,* 194 Ark. 564, 109 S. W. 2d 136.

We respect the cases cited by the appellant and nothing herein in any way overrules the real holding in any of the cited cases; but we have here a factual situation materially different from that in any of the cited cases. Focused down to the distinct issue, the question here is whether the plaintiff, after an unsuccessful damage action against the master for the alleged negligent act of the servant, is barred from maintaining a subsequent action against the servant involving the same mishap, when it was and is conceded in both actions that the servant was all the time acting within the scope of his employment and the only questions in the two actions are negligence and contributory negligence.

Learned counsel for appellant has not cited us to any Arkansas case with facts like the one here, and our search has failed to disclose any such case; but the cases from other jurisdictions are overwhelming in holding that an action like the present one cannot be maintained when a previous action by the same plaintiff against either the master or the servant for the same alleged act of negligence has been finally decided against the plaintiff in the Courts—State or Federal[1]—of the same jurisdiction, and in which the scope of employment of the servant has been conceded at all times by the master and the only questions have been those of negligence and contributory negligence. The reason for the rule seems to be that the plaintiff has had a complete opportunity to have a court of competent jurisdiction in the forum pass on the questions of negligence and contributory

---

[1] In oral argument appellant's attorney, with becoming candor, conceded that trial in a Federal Court in the same State was equivalent to a trial in the State Court since the holding of the United States Supreme Court in *Erie* v. *Tompkins,* 304 U. S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, 114 A. L. R. 1487, and the subsequent cases to the same effect.

negligence, and that the plaintiff is not entitled to have the same issue re-litigated.[2]

A leading case is that of *Giedrewicz* v. *Donovan,* 277 Mass. 563, 179 N. E. 246, decided by the Supreme Court of Massachusetts in 1932. There the facts disclose that the plaintiff brought an action against the master for injuries received because of the alleged negligence of the servant; that case was tried in the United States Court in Massachusetts and the master conceded that the servant was acting in the scope of employment, and the only issues were negligence and contributory negligence. That case was finally decided against the plaintiff; and then the plaintiff brought suit in the State Court of Massachusetts against the servant based on the same traffic mishap. The Supreme Judicial Court of Massachusetts, in the reported decision, held that the second action was barred because of the stated outcome of the first action. After recognizing the general rule, that a judgment is a bar to a subsequent action only when the parties or their privies are the same in both actions, the Court nevertheless held that the result of the first action prohibits the maintaining of the second action.

The Massachusetts Court quoted from the case of *Jenkins* v. *Atlantic Coast Line RR. Co.,* 89 S. C. 408, 71 S. E. 1010, as follows:

". . . the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata,* or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a

[2] Such limited statement of the rule shows that a holding in favor of the plaintiff in the first action—whether against the master or the servant—is not *res judicata* on the questions of negligence and contributory negligence in a subsequent action, nor does the rule apply as long as the judgment obtained in the first action remains unsatisfied. It is only when the plaintiff has tried and lost that the rule applies; and then only where the only questions are negligence and/or contributory negligence.

judgment persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity."

Another case with facts like the one at bar is *Myhra v. Park,* 193 Minn. 290, 258 N. W. 515, decided by the Supreme Court of Minnesota in 1935. In that case, Myhra and his wife received injuries in a traffic mishap involving a car and a truck driven by Johnson, who was the servant and employee of Park. In the first action, Myhra filed against Park as the sole defendant, and sought damages for his car and his personal injuries, but did not mention any injuries sustained by his wife. It was conceded that Johnson was all the time acting in the scope of his employment, and the sole questions in the case were negligence and contributory negligence. The first action resulted in a decision in favor of Park. Thereafter, Myhra brought action against both Johnson and Park for amounts that he expended for medicine and hospital treatment of his wife and the loss of her services. The question was whether the first action against Park was a bar to the second action against Johnson, the servant. The Supreme Court of Minnesota stated the question:

"In view of the facts appearing in the instant case, is estoppel by verdict or bar by judgment available to the defendant, Tim Johnson? Plaintiff asserts that, because Johnson was not a party to the former action, there can be no estoppel as to him. The liability of defendant Park necessarily depended upon whether there was negligence on the part of his servant at the time and place of the accident. There is no question but that Park assumed responsibility for his servant's acts and conduct, even were that open to dispute. So the question presented is really this: Plaintiff having fully litigated the question of the servant's negligence in his action against the master and, after an adverse determination of such issue upon the merits, having based his new

cause of action upon the same facts, may he again litigate the same issue in an action against the servant?"

The Supreme Court of Minnesota, after reviewing numerous authorities, held that, since Myhra had litigated the question of the servant's negligence in his action against the master, he could not again litigate the same question in an action against the servant.

In 133 American Law Reports 181 there is an Annotation entitled: "Judgment in action growing out of accident as *res judicata*, as to negligence or contributory negligence, in later action growing out of the same accident by or against one not a party to the earlier action." On page 196 of that volume there is this statement:

"It is a prevailing rule that as regards actions growing out of an accident, in which liability is claimed on the ground of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is *res judicata*, or conclusive, as to such issue of negligence, in a subsequent action against the other, a derivative responsibility being present."[3]

In 23 American Law Reports 2d the Annotation on the same subject is supplemented, and cases adhering to the prevailing rule, as above quoted, are listed there and in supplemental volume, being: *Wolf* v. *Kenyon,* 273 N. Y. Supp. 170; *Tighe* v. *Skillings,* 297 Mass. 504, 9 N. E. 2d 532; *Lasher* v. *McAdam,* 211 N. Y. Supp. 395 and 215 N. Y. Supp. 876; *Jones* v. *Young,* 14 N. Y. Supp. 2d 84; *Fightmaster* v. *Tauber,* 43 Ohio App. 266, 183 N. E. 116; *King* v. *Stuart Motor Co.* (1943, DC Ga.), 52 F. Supp. 727; *Spitz* v. *BeMac Transport Co.* (1948), 334 Ill. App. 508, 79 N. E. 2d 859; *Overstreet* v. *Thomas* (1951), Ky., 239 S. W. 2d 939; *Silva* v. *Brown* (1946), 319 Mass. 466, 66 N. E. 2d 349; *Thirty Pines, Inc.* v. *Bersaw* (1942), 92

---

[3] Apparently the case holding contrary to the quoted statements from American Law Reports is the Kentucky case of *Myers* v. *Brown,* 250 Ky. 64, 61 S. W. 2d 1052, decided in 1933. But the value of the holding in *Myers* v. *Brown* is considerably weakened by the later Kentucky cases of *Blue Valley Creamery Co.* v. *Cronimus* (1937), 270 Ky. 496, 110 S. W. 2d 286, decided in 1937; and the case of *Overstreet* v. Thomas, _____ Ky. _ _ , 239 S. W. 2d 939, decided in 1951.

N. H. 69, 24 A. 2d 500; *Canin* v. *Kesse* (1942), 20 N. J. Misc. 371, 28 A. 2d 68; *Jones* v. *Valisi* (1941), 111 Vt. 481, 18 A. 2d 179; *Laffoon* v. *Waterman S. S. Corp.* (DC NY), 111 F. Supp. 923; *Miller* v. *Simons*, 239 Minn. 523, 59 N. W. 2d 837; *Kelley* v. *Curtiss*, 16 N. J. 265, 108 A. 2d 431; *Templeton* v. *Scudder*, 16 N. J. Super. 576, 85 A. 2d 292; *Stone* v. *Carolina Coach Co.*, 238 N. C. 662, 78 S. E. 2d 605; and *Mooney* v. *Central Motor Lines, Inc.* (CA6th Ohio), 222 F. 2d 572.

At all events, we believe the rule of the Massachusetts and Minnesota cases is sound: and we hold that the plaintiff, after a prior unsuccessful damage action against the master or servant for alleged negligence of the servant, is barred from maintaining a subsequent action involving the same mishap when it was and is conceded in both actions that the servant was all the time acting within the scope of his employment and the only questions in the two actions are negligence and contributory negligence.[4]

*Assignment No. 2.* The appellant says: *"Estoppel by judgment does not apply because of lack of mutuality of estoppel."* And to support this statement appellant cites: *Hogan* v. *Bright,* 214 Ark. 691, 218 S. W. 2d 80; *Treadwell* v. *Pitts,* 64 Ark. 447, 43 S. W. 142; *Avera* v. *Rice,* 64 Ark. 330, 42 S. W. 409; and *Berryman* v. *Cudahy Packing Co.,* 191 Ark. 533, 87 S. W. 2d 21. We admit that the general rule is that mutuality of estoppel is required. In the recent case of *Hogan* v. *Bright,* 214 Ark. 691, 218 S. W. 2d 80, we cited the earlier case of *Treadwell* v. *Pitts,* 64 Ark. 447, 43 S. W. 142, to sustain the statement: "Estoppels by judgment must be mutual." But, even so, the authorities generally recognize that in a situation as the one here, in which the plaintiff has already had a full and complete trial of the cause of

---

[4] We call attention to the fact that the cause of action here involved arose prior to our Comparative Negligence Statute, which is Act 191 of 1955. Therefore, neither side in the present litigation has mentioned that Act. Whether that Act might have any bearing in a case such as the one here is something that we have not considered; but we mention the point in an abundance of precaution because of some language contained in the case of *Mo. Pac.* v. *Nelson*, 195 Ark. 883, 115 S. W. 2d 872.

action against one party and the action against the second party is derivative from the first, then there is an exception to the general rule requiring mutuality in estoppel.

In the Massachusetts case of *Giedrewicz* v. *Donovan*, 277 Mass. 563, 179 N. E. 246, previously discussed, this matter of the exception to mutuality of estoppel was discussed, and the Massachusetts Court said:

"As a matter of public policy and in the interest of accomplishing justice, the better rule would seem to be that, if it is clearly established, in the trial of an action either against the employee or against the principal for damages caused by the employee's negligent conduct, that the employee is not negligent, the judgment in the case first tried is a bar to a subsequent action by the same plaintiff for the same negligent act of the same employee. In principle it would seem to be immaterial whether the first judgment was obtained in an action against the employer provided the only ground for holding the employer is the negligence of the employee and it clearly appears that in the first trial the employee was found to be free from culpability."[5]

In 50 Corpus Juris Secundum 294, in discussing mutuality of estoppel in matters of judgment, the text, after stating the general rule that estoppels must be mutual, then says:

"A well recognized exception to the rule of mutuality exists where the liability of defendant is altogether dependent on the culpability of one exonerated in a prior

---

[5] The Massachusetts Court quoted from the opinion of Judge VAN DEVANTER in *Portland Gold Mining Co.* v. *Stratton's Independence* (CCA8th), 158 F. 63, 16 L. R. A., N. S. 677: "Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way."

suit on the same facts, when sued by the same plaintiff. In such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing **a recovery** against **a** defendant for conduct of another, when that other has been exonerated in a direct action. It has also been held that the requirement of mutuality must yield to public policy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit."[6]

We conclude that, in a situation like the one here, there is an exception as to the requirement of mutuality of estoppel. We, therefore, conclude that the trial court was correct in sustaining the motion to dismiss.

Affirmed.

---

[6] See also 34 Corpus Juris 988, where similar language shows that the exception is of long standing.