**RICHARDSON OIL COMPANY, Plaintiff,**

v.

**Benny F. COOK and Carroll Truck Lines, a Division of Bobby Kitchens, Inc., Defendants.**

**Civ. No. 83–3136.**

United States District Court, W.D. Arkansas, Harrison Division.

Sept. 6, 1985.

Rex M. Terry of Hardin, Jesson & Dawson, Fort Smith, Ark., for plaintiff.

Jim Tilley of Huckabay, Munson, Rowlett & Tilley, Little Rock, Ark., for Benny F. Cook.

Alston Jennings, Jr. of Wright, Lindsey & Jennings, Little Rock, Ark., for Carroll Truck Lines.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This action is currently before the court on a motion for summary judgment filed by plaintiff, Richardson Oil Company, an Arkansas corporation with its principal place of business in Harrison, Arkansas. Defendant, Benny F. Cook, is a citizen of Mississippi and Carroll Truck Lines is a Mississippi corporation with its principal place of business in Jackson, Mississippi.

I.

This action arose out of a motor vehicle accident that occurred on Interstate 40 near Russellville, Arkansas, on June 21, 1982. Defendant Cook had parked his truck on the shoulder of the interstate and was attempting to move back on to the highway when his truck was struck from

behind by a truck driven by George A. Greenhaw. The truck driven by Mr. Greenhaw was loaded with gasoline and caught fire; Mr. Greenhaw died in the ensuing fire. Mr. Greenhaw was at the time of the accident an employee of the plaintiff in this case, Richardson Oil Company.

On December 9, 1983, Richardson brought this action to recover damages for the loss of its tractor-trailer rig and gasoline which it alleged were destroyed in the fire. In the meantime, Billie Greenhaw, as Mr. Greenhaw's widow and administratrix of his estate, filed a separate action in state court against the same defendants sued in this cause. Before trial could be had in the federal action, the state action was tried to a jury on February 26 and 27, 1985. In response to interrogatories the jury found that Mr. Cook and Mr. Greenhaw were both guilty of negligence and apportioned 51% of the responsibility to Mr. Cook and 49% to Mr. Greenhaw. A judgment to that effect was entered in the Circuit Court of Pope County, Arkansas.[1] On July 8, 1985, Mrs. Greenhaw filed her notice of appeal to the Arkansas Court of Appeals in circuit court.

Shortly after the entry of judgment in state court, Richardson filed a motion for summary judgment in this court. Plaintiff contends that because the defendants in this action are the same defendants found to be primarily liable in state court, they are collaterally estopped from litigating their liability in federal court against a different plaintiff. The defendants argue that the doctrine of collateral estoppel should not be applied in this case because there is no mutuality of estoppel, because plaintiff seeks to assert collateral estoppel in an "offensive" manner, and because the judgment which plaintiff claims should have preclusive effect is on appeal to the Arkansas Court of Appeals.

## II.

■ Mutuality of estoppel refers to the principle, once widely held, that one party to an action may not be bound by a prior adjudication unless both parties are bound. The practical effect of the requirement of mutuality of estoppel is that a person who was not a party to a prior action may not take advantage of the previous litigation because, constitutionally, he himself may not be bound by it.[2] The shortcomings of the mutuality doctrine have been often noted: "By failing to recognize the obvious difference in position between a party who has never litigated an issue and one who has fully litigated and lost, the mutuality requirement was criticized almost from its inception." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). In both *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), and *Parklane Hosiery, supra,* the Supreme Court expanded the limits of collateral estoppel at the expense of the mutuality doctrine.

In Arkansas, courts have required mutuality of estoppel as a general rule. *Davis, Administratrix v. Perryman,* 225 Ark. 963, 286 S.W.2d 844 (1956); *Hogan v. Bright,* 214 Ark. 691, 218 S.W.2d 80 (1949). However, in *Davidson v. Lonoke Production Credit Ass'n,* 695 F.2d 1115 (8th Cir. 1982), Judge Arnold squarely addressed the question of whether Arkansas courts would, as a matter of course, necessarily require mutuality as a prerequisite to giving a preclusive effect to previous judgment. In *Davidson* the trustee of a bankruptcy estate brought an action in bankruptcy court against the PCA, challenging its status as a secured creditor on the ground that the description of collateral in its security agreement and financing statement was legally insufficient. Secondarily, the trustee also argued that the PCA was precluded from litigating its status in bank-

---

1. The judgment was originally entered on May 25, 1985. The circuit judge subsequently set aside the judgment on the motion of the plaintiff, but reentered an identical judgment on July 3, 1985.

2. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971).

ruptcy court by an earlier adjudication of the Arkansas Supreme Court. The prior judgment had been the result of a garnishment action filed in state circuit court by a third party; the PCA had answered the action, alleging that it had perfected a security interest in the crops at issue by the same security agreement relied upon in bankruptcy court. The circuit court held that the crops had not been properly identified and that the PCA's security interest was not perfected. On appeal the Arkansas Supreme Court affirmed the circuit court in an unpublished opinion. The trustee, who had not been a party to the garnishment action, contended that the adverse adjudication of the PCA's status should collaterally estop it from litigating that issue again. The bankruptcy court did not agree.

Judge Arnold's review of Arkansas cases led him to the opposite conclusion, however:

> First, the Arkansas Supreme Court is not wedded to the notion of mutuality of estoppel as a prerequisite to application of res judicata principles. Second, the notion of collateral estoppel or issue preclusion has been dealt with functionally by the Court and often subsumed under the rubric of res judicata. These factors, as well as the Arkansas Supreme Court's frequent citation to the Restatement of Judgments as a source of authority, lead us to the belief that the Arkansas courts would not ignore the significant legal doctrines developed most fully in *Blonder-Tongue Laboratories v. University Foundation, Parklane Hosiery v. Shore,* and the new Restatement (Second) of Judgments § 29 (1982).

**3.** Our independent review and analysis of the appropriate Arkansas cases leads us to favor the rationale proposed by Judge Arnold rather than that advanced by plaintiff. Plaintiff cites *Hastings v. Rose Courts,* 237 Ark. 426, 373 S.W.2d 583 (1963), and *Wells v. Ark. Public Service Comm'n,* 272 Ark. 481, 616 S.W.2d 718 (1981), in support of its contention that "the requirement of complete mutuality as a condition to the application of collateral estoppel has been eliminated in Arkansas law at least since 1963." Our reading of *Hastings,* at least, convinces us that it may very well stand for the opposite

*Davidson, supra,* at 1121 (footnotes and citations omitted). We agree that the Arkansas courts, based upon past decisions, would not mechanically require mutuality under all fact situations. We also believe that if collateral estoppel is appropriate in the present case, its application would not be denied because there could not be mutuality of estoppel.[3]

### III.

■ The defendants also contend that plaintiff should not be permitted to use the prior judgment "offensively" to prevent litigation on the issue of the defendants' liability, if any, to Richardson. The use of collateral estoppel is offensive when a plaintiff seeks to preclude a defendant from litigating again an issue previously litigated unsuccessfully by the defendant against another party. *Parklane Hosiery Co., supra,* 439 U.S. at 326 n. 4, 99 S.Ct. at 649 n. 4.[4]

■ In *Parklane* the Supreme Court recognized that the offensive use of collateral estoppel does not promote judicial economy in the same manner that defensive use would. However, the Court chose not to broadly rule against any use of collateral estoppel in an offensive context. Instead, the Court held as a general rule in federal courts that "where a plaintiff could have easily joined in the earlier action or where, ... for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Parklane Hosiery Co., supra,* at 331, 99 S.Ct. at 651–52. The doctrine developed in *Blonder-Tongue* and *Parklane* has been

principle. Therefore, we favor the reasoning of *Davidson* in as much as we do believe it is consistent with Arkansas cases on collateral estoppel and res judicata.

**4.** Conversely, the defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from litigating in a subsequent action an issue that it litigated unsuccessfully against another defendant in another action. *Parklane Hosiery Co., supra,* 439 U.S. at 326 n. 4, 99 S.Ct. at 649 n. 4.

incorporated into the Restatement (Second) of Judgments § 29, which provides in part:

A party precluded from relitigating an issue with an opposing party, in accordance with §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which consideration should be given include . . .

(3) The person seeking to invoke favorable preclusion . . . could have effected joinder in the first action between himself and his present adversary.

Based upon our review of the record before the court, we find nothing which suggests that Richardson could not have easily joined in the state court action pursuant to Rule 24, Fed.R.Civ.P. Rule 24(b)(2) provides: "Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Plaintiff's own brief acknowledges that the present cause of action depends upon a determination of "precisely the same facts" involved in the prior action and that many of the same witnesses will testify in this case if it goes to trial. Furthermore, plaintiff has not pointed to any facts or circumstances which would lead us to believe that it could not have easily intervened in the prior action had it chosen to do so. All of the above strongly suggests to the court that this is a case in which plaintiff should not be allowed to take advantage of an offensive use of collateral estoppel.

We also find support for this conclusion in *Davidson.* Procedurally, *Davidson* appears to be a case where an offensive use of collateral estoppel was approved in as much as the plaintiff trustee successfully prevented the defendant PCA from relitigating its status based upon a previous ruling against it. However, Judge Arnold specifically noted that neither the state action nor the bankruptcy action sought to establish PCA's liability, in the narrow sense. In this case, it is precisely on the narrow issue of defendants' liability that plaintiff seeks to apply collateral estoppel.

Based upon all of the foregoing, we conclude that the judgment entered in the Circuit Court of Pope County, Arkansas, on July 3, 1985, should not be given preclusive effect on the issue of the defendants' liability in the present case. We specifically do not reach the issue of whether a judgment on appeal to an appellate court may be a proper basis for collateral estoppel. Plaintiff's motion for a summary judgment should be denied. A separate order to that effect will be entered concurrently with this memorandum opinion.