PEEBLES GARAGE *v.* DOWNEY.

4-4799

Opinion delivered November 15, 1937.

*J. T. Cheairs,* for appellant.
*John Baxter,* for appellee.

McHANEY, J.   Appellant, L. E. Peebles, is the owner of the Peebles Garage in Portland, Arkansas, and is engaged in the automobile and garage business under said trade name.   On February 11, 1935, he entered into a written conditional sales contract with appellee for the sale to him of one Dodge funeral coach and ambulance including certain equipment, consisting of floor covering; one cot, one folding seat, one driver's seat and one electric fan, for the total sum of $1,585.   The terms of payment were $585 cash and one note for the balance of the

purchase money which was to be paid in eighteen monthly installments of $66 each. Appellee failed to pay the total cash payment called for, but only paid $335 thereof, leaving a balance of $250 on the cash payment and none of the monthly installments were paid in accordance with the terms of the contract, which provided that failure to pay any installment when due, the remaining unpaid installments should immediately become due and payable at the election of appellant. Title was also retained to the funeral coach and ambulance. Appellant brought this action to recover balance due, having declared all of the installments due and payable, including interest and costs and prayed that, upon failure of appellee to pay same, said funeral coach and ambulance be sold by order of court and the proceeds applied to the satisfaction of said judgment, with a judgment over for any balance that might remain due thereon. Appellee defended the action on the ground that appellant represented to him that the ambulance body would be the usual and standard length, width and breadth and was to be placed on a specially built chassis of Dodge equipment, was to be of first-class workmanship, balance, and of sufficient strength to constitute standard equipment of its kind and for the use for which it was bought; that the ambulance part of said funeral coach is not of standard size as to length, width and breadth, and that it is too small to be of practical use or the use for which it was purchased, and was not as represented by appellant; that instead of a special chassis, Dodge equipment, appellant furnished an ordinary Dodge equipment which was lengthened and used instead of a special chassis, as represented; that the workmanship of said body is faulty, that the doors and equipment leak when rained upon and that when it is loaded the body sways from side to side because too heavy for the wheels and springs upon which it is built; that the steering gear is defective and that no electric fan was furnished as provided for in the contract; that appellant guaranteed to him that this equipment would be first class in every respect, and, relying thereon, he and his wife, on December 21, 1934, executed and delivered to appellant a mortgage upon their home in Der-

mott to further secure the payment of the purchase money for said coach and ambulance; that they had no means of inspecting said equipment prior to its delivery to him, but that within a day or two after delivery he discovered that the equipment was not as represented and notified appellant to this effect; that appellant admitted it was faulty in many particulars and that then and there he offered to return it to appellant and demanded the return of the money he had paid thereon, and for the cancellation of the mortgage executed and delivered to appellant, which was refused. He prayed for a cancellation of the contract of purchase, for the return to him of the money he had paid thereon and for a cancellation of his mortgage, and for $120 damages which he claimed he had expended for ambulance hire. Appellant filed a denial to the answer and cross-complaint and later amended his complaint and sought a foreclosure of the mortgage above mentioned.

Trial resulted in a decree in appellee's favor by which the contract between the parties was ordered canceled, including the notes given for the purchase price of said hearse and ambulance, and that the note given by appellee and his wife and the mortgage securing said note and covering certain real property owned by appellee in the town of Dermott be canceled. It further gave judgment for appellee against appellant in the sum of $335, with interest at 6 per cent. from the 24th day of August, 1935, until paid, and fixed a lien on the property in controversy and gave appellant thirty days in which to pay said sum, but if not paid within that time, appellee should have execution for the enforcement of the judgment and lien therein declared. The case is here on appeal.

We think the evidence, although sharply in dispute, supports the court's finding that the hearse and ambulance sold and delivered to appellee by appellant was not as represented and that the defects were of such nature and character as to justify appellee in rescinding the contract. The court found and the proof justified the holding that appellant practiced a constructive fraud on appellee in the sale of said property. It was definitely

34

shown that the standard length of such a hearse and ambulance is 91 inches and that the inside measurements of the property in question showed it to be only 85 inches in length. Appellee testified very positively and was supported by other witnesses that the first attempt to use the hearse for the transportation of a dead body in a casket and box disclosed that the hearse body was not long enough to permit the rear door to be closed after the casket and box were placed therein, and several undertakers testified that a hearse which was not long enough to receive the box containing a casket for an ordinary sized person would be useless to an undertaker as a hearse. It is true that this was a combination hearse and ambulance, but if it is useless on account of its length for the principal purpose for which it was bought, we think the buyer would be justified in rescinding. The court so held. Appellant contends that this is an attempt to vary the terms of the written contract by parol, but we cannot agree that such is the fact. Appellant also takes the position that he was acting as appellee's agent in procuring for him the property in controversy, but this cannot be sustained as the whole contract was between appellee and appellant.

Appellant undertook to have a special Dodge chassis converted into a combination hearse and ambulance for a certain sum of money, payable upon certain terms. He was a vendor and not the agent of appellee in procuring this to be done, but was acting for himself. Appellant also contends that appellee did not act promptly in attempting to rescind the contract. Again we cannot agree, as the undisputed facts show that shortly after the property was delivered to appellee on February 11, 1935, he made complaint to appellant about the condition of the property and on February 18th appellant wrote a letter to the John C. Dix & Son Company of Memphis, Tennessee, advising them of the complaints made by appellee as to the length thereof and as to the doors, etc. In this letter he said: "The doors do not fit at all, the body sags in the middle and there are several things that look very bad in the workmanship on this job and I am sure it is an oversight on your part. Mr. Downey

is not pleased at all. I think some adjustments should be made on the job. I am sure you will agree with me if you would look it over." On February 26, 1935, appellee wrote appellant a letter, again advising him that he was not satisfied with the job and insisting that he return the $335 cash paid and the note and mortgage, offering to surrender the property. Thereafter, on March 1, appellant wrote appellee, acknowledging receipt of his letter and expressing regret about his not being satisfied with the job, in which he said: "I am very sorry you are not satisfied with the job, but I cannot return the $335 with the mortgage and note as you know you gave me the mortgage for money to purchase Dodge funeral coach for you. . . . P. S. The Portland Bank holds the mortgage and notes." The fact is that appellant was unable to return the note and mortgage unless he paid back the money to the Portland Bank which he had borrowed in order to finance the purchase of the equipment for appellee. We think the offer to rescind was made within a reasonable time as held by the trial court.

A number of other matters are argued by appellant, all of which we have examined and find without substantial merit. But there is one matter which requires further consideration. It appears to be undisputed that the note and mortgage given by appellee to appellant were hypothecated with the Portland Bank. The Portland Bank is not a party to this litigation and its interest could not be affected by the decree of the court which attempted to cancel the said note and mortgage. So far as this record discloses, the Portland Bank is an innocent holder, for value and in due course of business, but whether so or not, that part of the decree cancelling same in the hands of the bank cannot be sustained.

The decree will be affirmed as to all matters in which the rights of the respective parties have been adjudicated, including any interest appellant may have or claim in and to the note and mortgage, but in so far as the decree attempts to cancel same in the hands of the Portland Bank, it will be ineffectual. In this respect, the decree will be modified, and as modified, it will be affirmed. It is so ordered.