BLAUSER *v.* BLAUSER.

5-1656                                    317 S. W. 2d 267

Opinion delivered November 10, 1958.

*Terral, Rawlings & Boswell,* for appellant.

No brief filed for appellee.

J. Seaborn Holt, Associate Justice. Appellee, J. C. Blauser, sued appellant, Montene Blauser, for divorce on October 24, 1955. They were married in October 1953. Montene answered denying appellee's right to a divorce, and asked for support, separate maintenance and costs. A hearing resulted in an award to Montene of $25 per month, beginning on April 15, 1956, and each month thereafter, for her support and maintenance, during the pendency of the above divorce action, plus $50 fee for her attorney.

On March 25, 1957, appellant was given a judgment in the amount of $275 against appellee for arrearage in support payments and an attorney's fee of $75 and on appellee's motion his complaint for divorce was dismissed. Thereafter, on April 2, 1957, Mrs. Blauser filed suit for divorce and asked that she be awarded her property rights in 12 head of cattle owned by her husband on which she alleged "that there is a mortgage on said cattle in favor of First State Bank of Conway in the sum of $700 with an unpaid balance of approximately $500 and that defendant is earning approximately $300 per month." Summons was duly served on appellee April 8, 1957. On April 10, 1957 execution was issued on the March 25 judgment against the above cattle and the above bank was made a party to the process. The sheriff's return showed a chattel mortgage dated April 4, 1957, properly filed on April 6, 1957, and made to H. M. Castleberry in the amount of $1,220 on the above cattle.

On November 6, 1957, trial was had on appellant's divorce action above, which resulted in a decree awarding her a divorce, and a one-third interest in appellee's cattle, subject, however, to the two mortgages held by the bank and H. M. Castleberry. This appeal followed.

For reversal appellant relies on the following point: "The lower court erred in failing to set aside the mortgage from appellee to H. M. Castleberry in the sum of $1,220 filed for record April 6, 1957 after appellant filed suit for divorce and property rights on April 2, 1957."

We hold that the trial court was correct in refusing to set aside the mortgage from appellee to H. M. Castleberry, on the cattle in question, for the reason that H. M. Castleberry was not made a party to appellant's suit. On this issue the court found: ". . . the court holds . . . that the mortgagee, H. M. Castleberry, who holds a mortgage on the cattle described in the mortgage . . . , not being made a party to this action, . . . the plaintiff, although decreed to own a one-third interest in the property of the defendant, is not entitled by reason of H. M. Castleberry not being made a party here in order that his rights under the mortgage might be adjudicated, . . . to proceed against the cattle described in said mortgage for the reason that Castleberry is not a party to this suit."

The governing rule in the situation here presented, is stated in *Peebles Garage* v. *Downey,* 195 Ark. 31, 111 S. W. 2d 454. In that case there was involved an automobile sales contract and a purchase money note and mortgage which had been hypothecated with a bank and the bank's interest was attacked, without having made the bank a party to the suit. We there said: "It appears to be undisputed that the note and mortgage given by appellee to appellant were hypothecated with the Portland bank. The Portland Bank is not a party to this litigation and its interest could not be affected by the decree of the court which attempted to cancel the said note and mortgage. So far as this record discloses, the Portland bank is an innocent holder, for value and in due course of business, but whether so or not, that part of the decree cancelling same in the hands of the bank cannot be sustained." See also *Avera* v. *Rice,* 64 Ark. 330, 42 S. W. 409. Castleberry has not had his day in court, to which he was entitled.

Accordingly the judgment is affirmed.